**Dave MAYS, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 16004.**

United States Court of Appeals
Eighth Circuit.

Dec. 16, 1958.

James J. Rankin, St. Louis, Mo., for appellant.

Harry Richards, U. S. Atty., and John A. Newton, Asst. U. S. Atty., St. Louis, Mo., for appellee.

Before GARDNER, Chief Judge, and WOODROUGH and VAN OOSTERHOUT, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

Defendant Dave Mays appeals from judgment and sentence based upon verdicts of a jury finding him guilty on both counts of an indictment charging violation of the narcotic laws. The first count charged Mays, Vernita D. Overton, and Andrew J. Berry with unlawful sale of heroin in violation of 26 U.S.C.A. § 4705 (a). The second count charged the same defendants with violation of 21 U.S.C.A. § 174, proscribing receipt and concealment of narcotics. The same heroin is involved in both counts of the indictment. Defendants Mays and Berry were found guilty on both counts of the indictment. Vernita D. Overton was acquitted. This appeal is by the defendant Mays alone.

Defendant Mays, as grounds for reversal, states: (1) the evidence was in-

sufficient to sustain a conviction, and (2) the court committed prejudicial error in unduly limiting defendant's cross examination of Government's witness McNealy.

▮ Defendant Mays at the close of the Government's evidence and again at the close of all the evidence moved for judgment of acquittal. The motions were properly overruled by the court.

▮ It is the Government's position that there is at least substantial evidence to support a finding of Mays' guilt as an aider and abettor in the commission of the crimes charged in the indictment. The issue of Mays' guilt was alternately submitted to the jury under instructions authorizing Mays' conviction as a principal if he aided and abetted the commission of the offenses charged. Such instructions were not objected to. The court instructed in part:

"The statute [18 U.S.C.A. § 2], in effect, provides that there is no distinction between the guilt of a principal and the guilt of an accessory and that one may be charged and prosecuted as a principal and if it turns out that he is only an accessory, he may, nevertheless, be convicted."

The foregoing instruction correctly states the law. Pereira v. United States, 347 U.S. 1, 9, 74 S.Ct. 358, 98 L.Ed. 435; Nye & Nissen v. United States, 336 U.S. 613, 618, 69 S.Ct. 766, 93 L.Ed. 919; Alexander v. United States, 8 Cir., 241 F.2d 351, 355.

▮ The test to be applied in determining whether defendant is an aider and abettor is thus stated by the Supreme Court in Nye & Nissen, supra (336 U.S. at page 619, 69 S.Ct. at page 769):

" * * * In order to aid and abet another to commit a crime it is necessary that a defendant 'in some sort associate himself with the venture, that he participate in it as in something that he wishes to bring about, that he seek by his action to make it succeed.' L. Hand, J., in

United States v. Peoni, 2 Cir., 100 F.2d 401, 402."

And, at page 620 of 336 U.S., at page 770 of 69 S.Ct., the Supreme Court states:

" * * * Aiding and abetting has a broader application. It makes a defendant a principal when he consciously shares in any criminal act whether or not there is a conspiracy. * * * "

The court in our present case properly instructed the jury in accordance with the rule stated in Nye & Nissen, supra. There is ample evidence to support an inference that Mays associated himself with the sale of heroin and that he sought to bring about the sale. There is the usual conflict between the Government's evidence and the defendant's evidence. In passing upon the defendant's motions for acquittal, we must view the evidence in the light most favorable to the Government. So viewed, the jury could find that McNealy, the Government's undercover agent, secured an introduction to the defendant Mays under favorable circumstances; that thereafter, on March 9, 1957, at McElwee's Bar he entered into a discussion with Mays about the purchase of heroin; and that Mays told him he could sell him 100 capsules for $1.75 each. McNealy showed an interest in such offer and arranged to meet Mays at the bar that evening. McNealy reported at the bar at the scheduled time and after waiting a while was approached by Vernita Overton, who told him that Mays had sent a message that the deal was off for the night but to meet Mays the next night at the Riviera Club. This testimony is corroborated in substance by Miss Overton. On the next night, March 10, McNealy met Mays at the Riviera Club, and was told by Mays that he would receive a telephone call from Mays later that evening. After returning home McNealy received a telephone call from Mays at about 1:15 A.M. on March 11, and was told to go to the Turf Grill to pick up his "stuff". McNealy went to the Turf Grill and from there to Berry's room at the Grand Central Hotel. Mc-

Nealy told Berry that he had seen Mays at the Riviera Club. Berry then told McNealy that he had 110 capsules of heroin for him, and that he was instructed to charge $1.75 a capsule. Thereupon, McNealy paid Berry $192.50, furnished by the Government, and took delivery of the capsules. Immediately upon leaving the hotel, McNealy delivered the capsules to Agent Theissen who delivered them to the Government chemist. The chemist's testimony establishes that the capsules contained heroin. The sale of heroin was not made pursuant to written order of purchase upon a prescribed form.

We are satisfied that the record contains substantial evidence to support defendant's conviction, and that the court committed no error in overruling defendant Mays' motion for acquittal as to the first count.

Mays was sentenced to 11 years imprisonment upon each count, the sentences to run concurrently. Since the sentence imposed does not exceed the maximum punishment authorized for the first count, we need not consider the sufficiency of the evidence to support the conviction on the second count. Bunn v. United States, 8 Cir., 260 F.2d 313; Williams v. United States, 8 Cir., 260 F.2d 125, and cases cited therein.

We shall now consider defendant's contention that the court committed prejudicial error in limiting defendant's cross examination of Government's witness McNealy. The court allowed the defendant to develop by cross examination of McNealy that Government funds were furnished him for use in purchasing heroin, that he also had an expense account, and that he had purchased at various times drinks for persons he suspected were in the narcotics traffic. Defendant's counsel sought to cross examine McNealy in detail as to past disbursements charged to his expense account, as to his personal habits, and concerning circumstances surrounding his marriage. Defendant advised the court that the purpose of the cross examination was to develop that McNealy spent large sums of money for entertainment, and that in order to account for the money he had spent he had to produce evidence of alleged sales of heroin. The court, in sustaining the Government's objection to such cross examination, stated that the manner in which the witness lived and operated was not material to any issue in the case, that this field of inquiry had not been opened by the witness's direct examination, and that cross examination upon the activities of the witness would be limited to the three-day period covered by the transactions between the witness and defendant Mays.

The trial court has a broad discretion with respect to the scope of cross examination of a witness upon collateral matter. Glasser v. United States, 315 U.S. 60, 83, 62 S.Ct. 457, 86 L.Ed. 680; Davis v. United States, 8 Cir., 229 F.2d 181, 185; United States v. Manton, 2 Cir., 107 F.2d 834, 845. In the Manton case, Justice Sutherland, sitting as a circuit judge, states (107 F.2d at page 845):

> " * * * The extent to which cross-examination upon collateral matters shall go is a matter peculiarly within the discretion of the trial judge. And his action will not be interfered with unless there has been upon his part a plain abuse of discretion. 3 Wharton's Criminal Evidence (11th Ed.) § 1308. See Alford v. United States, 282 U.S. 687, 694, 51 S.Ct. 218, 75 L.Ed. 624. * * *"

McNealy's mode of life and his method of operating as undercover agent during the period prior to his negotiations with the defendant Mays have no direct or material bearing upon the issue of whether Mays aided and abetted in the sale of the narcotics involved in this case. The court permitted some cross examination as to McNealy's method of operation. We are satisfied that the court did not abuse its discretion in sustaining objections to further cross examination as to McNealy's past operations.

The judgment appealed from is affirmed.