**STATE of Missouri, Respondent,**

v.

**James Audie RAMSEY, Appellant.**

No. 49826.

Supreme Court of Missouri.

Division No. 2.

June 4, 1963.

414

Warren H. Kawin, St. Louis, for appellant.

Thomas F. Eagleton, Atty. Gen., Jefferson City, James P. Jouras, Sp. Asst. Atty. Gen., Kansas City, for respondent.

EAGER, Presiding Judge.

Defendant was charged in the City of St. Louis with attempted burglary, second degree. The case was tried to the court, upon the waiver of a jury entered in open court, and assented to by the trial judge pursuant to Art. 1, § 22(a), Mo. Constitution 1945, V.A.M.S. Such a waiver in a felony case was first permitted by the provisions of that Constitution. The trial court found defendant guilty and assessed his punishment at two years' confinement. Defendant was represented at the trial and is represented here by appointed counsel. Motion for new trial was filed and over-ruled and this appeal taken, after leave granted to appeal as a poor person.

Since the only substantive question to be considered is that of the sufficiency of the evidence, we relate that in some detail. There is little or no controversy concerning the facts developed. The St. Louis police received a call at about 2:00 a. m. on July 3, 1962, that there was a prowler at a store at the corner of Glasgow and Hebert. Three different cars answered the call but Sergeant Robert Scheetz arrived first. He had driven south on Glasgow and as he approached the designated corner he saw a car (a light colored Lincoln) parked at the east curb of Glasgow, just north of Hebert and alongside a confectionery store on the northeast corner. A man was just in the process of entering the driver's seat, and another man was standing nearby on the corner. The sergeant headed his patrol car into the curb, blocking the exit of the parked car, and got out. He then saw another man, who proved to be this defendant, sitting on the passenger's side of the front seat. Defendant was identified at the trial as that man and no question is raised here concerning the identification. The man on the corner ran east, but was later apprehended by other officers. The sergeant ordered the two men out of the car, placed them under arrest, questioned them briefly, and searched the car. He found on the floor back of the front seat a padlock, a tire tool and a pinch bar. If it be of any significance, the padlock was found on the floor behind the passenger's side of the front seat. The tire tool appeared to have some green paint on it at its pointed end. All three men were taken to the police station later. A few minutes before the police received this call, an officer passing by had seen two men standing on that corner in front of the confectionery.

While still at the scene the police got in touch with the operator of the confectionery store, one Howard Schenk; they had him come there and bring the key to the padlock which he had left on the store's front door. Schenk testified that when he left the store

at about 10:00 p. m. on July 2, he had locked the door securely, with the ordinary lock made in the door (such as a "Yale" lock) and also with a padlock inserted into a hasp secured to the doorframe. When examined by the police and Schenk, the molding and framework of the door were "pulled away," the molding was "chewed up," and there were "jimmy marks"; the hasp was open and bent and the padlock was gone. The door was still closed and the other lock was in place. Mr. Schenk gave his padlock key to the sergeant who tried it in the padlock found on the floor of the car and discovered that it readily opened that lock. Both key and lock were retained as possible exhibits and both were offered in evidence, along with the tools. Mr. Schenk also identified the padlock.

Sergeant Scheetz took paint and wood samples from the door and frame where the damage had been done; he delivered those, along with the tools and the shirt and trousers which defendant had been wearing, to the police laboratory. The chemist from the laboratory testified that near the end of the tire tool there were two layers of paint, dark green over gray, which were similar in color to the two top layers of paint on the samples furnished from the door. He found nothing of significance on the trousers or shirt of defendant. The car was registered in the name of a woman who was not further identified. The defendant produced no evidence.

The only question briefed on appeal is the alleged insufficiency of the evidence to support a finding of guilty. This is stated in seven different points but, in full substance, the points are as follows: that upon this evidence the finding necessarily rested upon mere surmise, suspicion, and inference upon inference; that the evidence did not meet the degree of proof required of circumstantial evidence (which will be mentioned later); that no intent was shown, no act of participation by defendant was shown, and that there was no evidence of aiding or encouraging. As a follow-up on these points, counsel also suggest that, the

evidence having been fully developed, the defendant should be discharged without remand of the case.

We do not quarrel with the rules of law urged; the only real point here is the sufficiency of the evidence under those rules. Counsel argue that: defendant was not shown to be the driver or a "lookout"; that he did not flee the scene; that no paint was found on his clothes; that he was not shown to have been previously associated with the other two men; that his mere presence was not enough to convict him; and that no intent was shown.

We do not deem any showing of intent, as such, to be necessary here. There is no question whatever that the crime of attempted burglary had been committed by some one or more persons, with all the necessary elements present. An act of that nature proves, in itself, the intent of those involved. The only question remaining, so far as defendant is concerned, is whether the evidence permits a fair inference of his participation or of his aiding, abetting or encouraging the crime, for any of which he would properly be found guilty. State v. Corbin, Mo., 186 S.W.2d 469; State v. Kowertz, 317 Mo. 426, 297 S.W. 358; State v. Butler, Mo., 310 S.W.2d 952; State v. Whitaker, Mo., 275 S.W.2d 316; State v. Massey, 358 Mo. 1108, 219 S.W.2d 326; Mays v. United States (C.A. 8), 261 F.2d 662; State v. Bresse, 326 Mo. 885, 33 S.W.2d 919; State v. Stidham, Mo., 305 S.W.2d 7, 15.

Defendant relies rather strongly on the accepted rule regarding circumstantial evidence, namely, that where this is relied upon the facts and circumstances must be consistent with each other and with the hypothesis of defendant's guilt, and they must be inconsistent with his innocence and exclude every reasonable hypothesis of his innocence. State v. Odum, Mo., 351 S.W.2d 10, 14; State v. Murphy, Banc, 356 Mo. 110, 201 S.W.2d 280. It may be conceded that evidence raising a mere suspicion of

guilt, or showing an opportunity to commit a crime, is insufficient. State v. Murphy, supra; State v. Ashe, Mo., 350 S.W.2d 768. In various cases evidence of mere "presence" has been held insufficient to support a conviction. State v. Odbur, 317 Mo. 372, 295 S.W. 734; State v. Bresse, 326 Mo. 885, 33 S.W.2d 919. And, of course, evidence which merely raises a suspicion or gives rise to conjecture, has often been held insufficient. Murphy, supra; Odum, supra.

■ " ' "The presence of one at the commission of a felony by another is evidence to be considered in determining whether or not he was guilty of aiding and abetting. * * *" ' " State v. Corbin, Mo., 186 S.W.2d 469, 471. And one's "presence" may have substantially different meanings and raise wholly different inferences under differing circumstances. Evidence fairly showing any form of affirmative participation in a crime is sufficient to support a conviction. State v. Butler, Mo., 310 S.W. 2d 952, 957. Also, evidence sufficient to justify the jury in finding that defendant did in any way aid, abet or encourage another in the commission of a crime is sufficient to support a conviction. State v. Present, Mo., 344 S.W.2d 9, 10; State v. Corbin, supra; State v. Butler, Mo., 310 S.W.2d 952, 957; State v. Stidham, Mo., 305 S.W.2d 7, 15; State v. Bresse, 326 Mo. 885, 33 S.W.2d 919, 921; State v. Muchnick, Mo.App., 334 S.W.2d 386, 388. In many instances no physical act of participation is necessary. State v. Stidham, supra; State v. Whitaker, Mo., 275 S.W.2d 316; State v. Bresse, supra; State v. Butler, supra. The term "aid and abet" is well defined in Mays v. United States (C.A. 8), 261 F.2d 662, at loc. cit. 664, where the court said: " ' * * * In order to aid and abet another to commit a crime it is necessary that a defendant "in some sort associate himself with the venture, that he participate in it as in something that he wishes to bring about, that he seek by his action to make it succeed." L. Hand, J., in United States v. Peoni, 2 Cir., 100 F.2d 401, 402.' And,

at page 620 of 336 U.S., at page 770 of 69 S.Ct., the Supreme Court states: ' * * Aiding and abetting has a broader application. It makes a defendant a principal when he consciously shares in any criminal act whether or not there is a conspiracy. * * *' "

In none of the cases cited by defendant are the facts substantially like ours. In State v. Murphy, 356 Mo. 110, 201 S.W.2d 280, it was merely shown that defendant and another man had stopped defendant's truck on a country road in the vicinity of the yard from which a gas engine was later found stolen, that there were tracks around the truck, that a path was found in the grass leading up to the yard, and also tracks around the place where the engine had been located. There was no real examination of any of the tracks, nor was defendant shown to have been present at the time of the actual theft. In State v. Odbur, 317 Mo. 372, 295 S.W. 734, the defendant Shade was shown to have been present at three successive fights between the other defendant and the deceased; however, the evidence was fully developed and it tended to negative any participation, aiding or abetting by Shade in any of the fights. The court was there concerned more with the construction of direct evidence than with circumstantial evidence. In State v. Bresse, 326 Mo. 885, 33 S.W.2d 919, also cited by defendant, the evidence was held sufficient for submission; the charge was stealing a car. The evidence showed that the car had been stolen by a stranger who came to the scene with defendant, that defendant then followed the stranger away in his own car, and that they were later seen together. Of this evidence the court said, loc. cit. 921: "Suffice it to say that it is sufficient to support the inference that the stranger and defendant conspired together to steal an automobile, and the stranger stole one, and that defendant was present as an accessory aiding and abetting him."

In State v. Present, Mo., 344 S.W.2d 9, 10, the State's evidence showed the presence of defendant when his associate and helper

stole some brass journal bearings from a railroad station and put them in defendant's truck. There the defendant testified, disclaimed all connection with the theft, and contended that he attempted to discourage his associate from his actions. However, the truck belonged to defendant and he started back to St. Louis in it with his helper. The discussion in the opinion concerned the instructions, but all concerned seem to have assumed that the evidence was sufficient to make a submissible case. See also State v. Mitts, Mo., 347 S.W.2d 677, where two men entered a double-parked car with stolen luggage and defendant drove the car away. This was held to constitute sufficient evidence for a conviction of defendant on a charge of stealing the luggage, with no further showing of knowledge, intent or action. In State v. Stidham, Mo., 305 S.W.2d 7, loc. cit. 15, the court said: " * * * 'no particular acts are necessary; nor is it necessary that any physical part in the commission of the crime be taken; mere encouragement is enough.' * * * McMannus v. Lee, 43 Mo. 206, 208, states: 'The law is well laid down that any person who is present at the commission of a trespass, encouraging or exciting the same by words, gestures, looks, or signs, or who in any way or by any means countenances or approves the same, is in law deemed to be an aider and abettor, and liable as a principal * * *.' "

Every case must naturally stand upon its own facts. Here defendant was found sitting in a car, at 2:00 o'clock in the morning, beside a confectionery store where a burglary had *just been attempted*, the attempt having been interrupted or having otherwise failed. The store had been closed and locked since 10:00 p. m. The padlock from the door (positively identified) was found immediately behind defendant on the floor of the car, and tools appropriate to such a crime were close by in the car, one showing evidence of recent use. Another man was just entering the car, a third man ran from the corner. It is perhaps significant that the police sergeant did not testify that he saw the entering man place the padlock and tools in the car. Here there were physical facts showing the commission of a crime, and we conclude that, under all the circumstances, a finding of defendant's guilt did not rest upon mere suspicion, conjecture, surmise or inference upon inference. So far as concerns the rules governing circumstantial evidence, we hold that this evidence and these circumstances were consistent with defendant's guilt, that they were inconsistent with his innocence, and that they excluded every reasonable hypothesis of his innocence. These circumstances raised a fair and reasonable inference of *concerted* action which involved defendant either as an actual participant or as an aider and abettor in the crime; and this inference, in our opinion, was sufficient " ' * * * to permit reasonable minds to believe the defendant guilty beyond a reasonable doubt,' * * * * " and thus to make a submissible fact issue. State v. Spraggins, Mo., 368 S.W.2d 407. The weight of the evidence is to be determined by the jury or by the trial court sitting as a jury. We merely find on appeal, as we have found, that there was substantial evidence to support the finding and conviction.

At the conclusion of the evidence and after announcing its finding informally, the trial court entered an order in which it stated: the charge against defendant; the presumption of innocence and the burden of the State to prove the defendant's guilt beyond a reasonable doubt; that "the evidence and circumstances herein are sufficient to show the attempted breaking into the building"; and its finding that the defendant was guilty of attempted burglary in the second degree. Therein the court also assessed the punishment. Our Criminal Rule 26.01(c) V.A.M.R. requires that in a felony case tried without a jury "the court shall be required to prepare an opinion or give declarations of law to the extent necessary to indicate the court's theory of the law applicable thereto." This provision of the rule is consonant with the

suggestions made in State v. Hardy, 359 Mo. 1169, 225 S.W.2d 693, loc. cit. 698. The statement of the court in its present order was hardly sufficient to indicate its theory of the applicable law. There was no real dispute that there had been an "attempted breaking into the building" and the question was whether or not defendant was criminally connected with it. The rule contemplates that, under such circumstances, some declaration should be made stating the applicable rule or rules of law, as here for instance, declaring the applicable rules of guilt for participation in the offense or for aiding, abetting or encouraging it. However, the point has not been raised in the rather full and competent brief filed here by counsel, and we deem it waived under Rule 28.02. The general finding of the court constitutes its verdict; these matters are not integral parts of the verdict itself.

We find no error in those parts of the record which we examine under Rule 28.02. Finding no reversible error, the judgment is affirmed.

All of the Judges concur.