STATE of Missouri, Respondent,

v.

Robert M. ROGERS, Appellant.

No. 50114.

Supreme Court of Missouri,

Division No. 2.

July 13, 1964.

Thomas F. Eagleton, Atty. Gen., Jefferson City, Pendleton Goodall, Jr., Sp. Asst. Atty. Gen., St. Louis, for respondent.

Roy W. Brown, Compton & Brown, Kansas City, for appellant.

STORCKMAN, Presiding Judge.

This is an appeal from a conviction of attempted burglary of a jewelry store. The punishment assessed by the jury is imprisonment for a term of two years. Sections 556.150 and 560.070, RSMo 1959, V.A.M.S. The defendant was represented by able counsel at the trial as he is on appeal. The principal question presented in this court relates to the sufficiency of the evidence to sustain the conviction.

Hale's Credit Jewelry Store owned and operated by Ralph W. Hale was located in what is known as the Country Club Shop-

ping Center in Clay County. At 2:30 a. m. on August 8, 1962, Patrolman Willard Malden of the Kansas City Police Department saw a 1962 Pontiac convertible automobile with a white top and a brown body drive across the parking lot in front of his headlights as he was turning into the shopping center to check the buildings. Street lights were on and the lights of the patrol car were on high beam. Patrolman Malden saw three men in the Pontiac automobile, but he did not recognize any of them. He checked all the buildings in the shopping center including the jewelry store and found them to be locked and secure.

At 3:20 a. m. Patrolman Malden drove back by the shopping center and again saw the same Pontiac automobile in the shopping center parked over in the corner in front of Hale's Jewelry Store with its lights out. Two people were outside the car or proceeding to get into it. The patrolman had not intended to enter the shopping center and by the time he turned around and came back the persons had entered the Pontiac automobile and it had moved to the back side of the parking lot near a drug store. The patrolman called an assisting car and checked the Pontiac car and its three occupants. They were Edward Motter, the defendant Rogers, and Sidney Hancock, the owner of the automobile who was driving it. The patrolman saw the defendant Rogers get out but he did not recall where Motter and the defendant were seated in the automobile. In response to a question from the patrolman, the defendant Rogers said that he was over in a corner of the shopping center "where it was partly dark to relieve himself." Motter said that he was looking for a phone booth to call his mother because he was bringing some gentlemen home with him to spend the night and he wanted to let her know. Hancock stated that he wasn't familiar with the area and was just driving the other two gentlemen around. Patrolman Malden and the assisting officer found nothing in the Pontiac

automobile and they released the car and its occupants at approximately 3:30 a. m.

Patrolman Malden contacted his superior officer, Sergeant William Hutcherson, at 3:35 a. m. and reported the incident. The sergeant recognized the name of Motter, one of the occupants of the Pontiac, and he and Patrolman Malden went back to the shopping center to check the buildings. They found that a cylinder-type lock had been removed from the door of Hale's Credit Jewelry Store and there were pry marks between the door and the frame. The lock, a pair of gloves, and a white pillow case were laying out in the parking lot in front of the jewelry store. The pillow case and gloves were not on the parking lot when Patrolman Malden first checked the buildings at 2:30 a. m. The second time he checked the locks of the buildings was at 3:40 a. m., an hour and ten minutes after the first check. The patrolman was positive that Hancock was driving the car on both occasions but he could not definitely testify that the defendant was in the automobile on the first occasion. The place where the car was searched was approximately 75 to 80 feet from the jewelry store. None of the stores were open and there were no other cars on the lot at the time. The police officers did not check the buildings when the car was searched and the men were interrogated at 3:30 a. m. The patrolman could not testify whether the items were or were not laying in the parking lot when he stopped the men and searched the car. An officer from the Police Laboratory went to the shopping center and took pictures of the door of the jewelry store and the objects on the pavement but was unable to find any fingerprints. At the close of the case, defendant moved for a directed verdict of acquittal which was refused. The defendant did not testify or offer any evidence.

■ In testing the sufficiency of evidence in a criminal prosecution by a motion for a judgment of acquittal, the facts

in evidence and the favorable inferences reasonably to be drawn therefrom must be considered in the light most favorable to the state and all evidence and inferences to the contrary must be disregarded. State v. Watson, Mo., 350 S.W.2d 763, 766 [1].

■ The evidence clearly showed the removal of the lock from the door of the jewelry store, the pry marks on the door and frame, and the presence of the gloves, pillow case, and the lock on the pavement in front of the store. This proof and permissible inferences therefrom constitute sufficient evidence that the offense of attempted burglary was committed by some one or more persons. State v. Ramsey, Mo., 368 S.W.2d 413, 416 [1]; State v. Hadley, Mo., 364 S.W.2d 514, 516 [2, 3]. The remaining question is whether the evidence was sufficient to make a submissible case that the defendant was the guilty person or one of them.

Where the evidence of defendant's agency in connection with the crime charged is entirely circumstantial, the facts and circumstances relied upon by the state to establish guilt must be consistent not only with each other and with the hypothesis of defendant's guilt but must also be inconsistent and irreconcilable with his innocence and must point so clearly and satisfactorily to his guilt as to exclude every reasonable hypothesis of innocence. State v. Walker, Mo., 365 S.W.2d 597, 601 [5].

■ Circumstantial evidence which merely showed that the defendant had an opportunity to commit the crime charged and which created a strong suspicion of guilt without more is not sufficient to support a judgment of conviction. State v. Tracy, 284 Mo. 619, 225 S.W. 1009, 1010–1011 [1]; State v. Matticker, Mo., 22 S.W. 2d 647, 648 [2]; State v. Watson, Mo., 350 S.W.2d 763, 768; State v. Walker, Mo., 365 S.W.2d 597, 601 [6]; State v. Ramsey, Mo., 368 S.W.2d 413, 416–417 [3].

The accused must be shown to have some substantial nexus with the commission of the crime. See State v. Giden, Mo., 369 S.W.2d 212; State v. Johnson, Mo., 361 S.W.2d 662, and State v. Burton, Mo., 357 S.W.2d 927.

■ Viewed in the light most favorable to the state, the evidence proves that the defendant Rogers was one of three persons at the shopping center in the vicinity of the jewelry store from 3:20 a. m. to 3:30 a. m. It further creates a strong suspicion that he was one of the three occupants of the Pontiac automobile seen leaving the parking area at 2:30 a. m., and that they returned later and were interrupted while attempting to burglarize the jewelry store. Their presence at the shopping center establishes that the defendant and his companions had an opportunity to commit the crime. The reasons they gave for being there are quite improbable under all the circumstances. Nevertheless, the circumstances proved are not inconsistent and irreconcilable with the defendant's innocence and do not point so clearly and satisfactorily to his guilt as to exclude every reasonable hypothesis of his innocence. Under the adjudicated cases, the evidence was not sufficient to make a submissible case against the defendant. State v. Whitaker, Mo., 275 S.W.2d 322, 324–325 [4]; State v. Matticker, Mo., 22 S.W. 2d 647; State v. Tracy, 284 Mo. 619, 225 S.W. 1009, 1010 [1]; State v. Walker, Mo., 365 S.W.2d 597, 601–602 [7]; State v. Watson, Mo., 350 S.W.2d 763, 767 [2, 3]. In view of this conclusion it is unnecessary to consider other points the defendant asserts.

■ Since the record indicates that the state has had an opportunity to develop its case fully, there is no need to remand the case for a new trial. State v. Walker, Mo., 365 S.W.2d 597, 602 [8, 9]. Accordingly the judgment is reversed and the defendant is discharged.

All of the Judges concur.