**STATE of Missouri, Respondent,**

v.

**Raymond TAYLOR, Appellant.**

**No. 54401.**

Supreme Court of Missouri,
Division No. 2.

Oct. 13, 1969.

J. Arnot Hill, The Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant.

STOCKARD, Commissioner.

Appellant was found guilty of attempted burglary in the second degree. The jury assessed his punishment at imprisonment for a term of two years, and appellant has appealed. The only contention is that the trial court erred in refusing appellant's motion for a judgment of acquittal.

About 2:25 o'clock in the morning of July 3, 1968, Patrolman Theodore Allen saw appellant standing in the doorway, "right up to the door," of the Scotch Cleaners located at the intersection of 31st and Highland Streets in Kansas City. When Patrolman Allen turned his automobile around appellant ran north on Highland Street. He was stopped by the patrolman about ten or twelve yards from the fence line "right behind" the building. In answer to a question, appellant stated that he had been at the doorway of the Scotch Cleaners to urinate, but an examination of the area did not indicate that he had done so. In the path that appellant had taken when running, and about ten feet from where he was stopped, the patrolman found a screw driver near the sidewalk in the grass. A few minutes later another patrolman found a loaded .22 caliber revolver two or three feet from where the screw driver was found. The metal part to the door of the Scotch Cleaners where appellant was standing had "pry marks" on it, some of which had a "shiny appearance" as though "freshly made." The door was slightly dented and some paint had been removed. It appeared that "someone had inserted an object and tried to force the lock" to the door. The screw driver which had been found nearby "could fit the marks" but the marks were wider than the tip of the screw driver. Appellant was the only person in the neighborhood at the time.

John C. Danforth, Atty. Gen., Gene E. Voigts, Asst. Atty. Gen., Jefferson City, for respondent.

The evidence of the recently made pry marks on the door and the lock, together with permissible inferences, clearly authorized a finding that the offense of attempted burglary was committed by someone. See State v. Rogers, Mo., 380 S.W.2d 398. The evidence is wholly circumstantial that the person who attempted to burglarize the Scotch Cleaners building was the appellant, and in such situation " 'the facts and circumstances relied upon by the State to establish guilt must not only be consistent with each other, and with the hypothesis of defendant's guilt, but they must also be inconsistent and irreconcilable with his innocence, and must point so clearly and satisfactorily to guilt as to exclude every reasonable hypothesis of innocence.' " State v. Burton, Mo., 357 S.W.2d 927. In our determination of the sufficiency of the evidence to support the verdict, "all of the substantial evidence offered by the State is taken as true, together with all reasonable inferences to be drawn therefrom, and by substantial evidence is meant 'evidence from which the triers of the fact reasonably could find the issue in harmony therewith.' " State v. Whitaker, Mo., 275 S.W.2d 316, 319.

When analyzed according to the above rules, the evidence reveals the following. At approximately 2:30 o'clock in the morning appellant was seen at the door of the Scotch Cleaners where there were freshly made pry marks from which it could be found that there had been a recent attempt to force open the door. He fled when he discovered that he had been seen, and gave a false reason for his presence at the door. A screw driver which could have been used to make the pry marks, and a loaded revolver were found directly in the path of his course of flight. There was no one else around who could have made the pry marks and who could have abandoned the screw driver and the revolver.

Appellant argues that to refer to the marks on the door as "pry marks" was a mere conclusion, but we note that there was no objection to the testimony. He also points to what he considers to be important omissions in the evidence. For example, he says the marks were near the doorknob, "not on the doorknob" and "not inside the keyhole," and there were no marks "on the edges or sides of the door where it fitted into the frame." He also argues that since the evidence did not show that the patrol car was equipped with red signal lights, he would not have known it was a police car and therefore there can be no presumption that he ran to escape arrest. He also says that *if* the area around the door was "earth or some other quickly absorbing substance" signs of urination would have quickly disappeared, and therefore there was no proof that he told a lie. These contentions are all without merit. Appellant erroneously assumes that the evidence must conclusively establish his guilt, and that the absence of evidence which might present a stronger case results in the evidence that was presented being insufficient.

The circumstances as set out above and established by the evidence are inconsistent with appellant's innocence. It may be true that the circumstances are not of themselves absolutely conclusive of his guilt but they need not be, and they need not demonstrate an absolute impossibility of innocence. State v. Aguilar, Mo., 429 S.W. 2d 754, 757. The evidence places appellant at the door of the building where the attempt to break open the lock occurred. For this reason the facts are distinguishable from those in State v. Rogers, Mo., 380 S.W.2d 398, upon which appellant places considerable reliance.

In cases of this nature it is difficult to analyze each item of circumstantial evidence and demonstrate how it fits into the complete picture, and how the total circumstances either do or do not authorize a finding of guilt. However, when the circumstances of this case are considered together we are constrained to say that they point so clearly and satisfactorily to defendant's guilt so as to exclude every reasonable hypothesis of innocence. It is not necessary that they "exclude every unrea-

sonable hypothesis" of innocence. State v. Boothe, Mo., 364 S.W.2d 569.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.