**STATE of Missouri, Respondent,**

v.

**Earl RHODES, Defendant-Appellant.**

**No. 34–665.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Jan. 16, 1973.

Brendan Ryan, Circuit Atty., James J. Barta, First Asst. Atty., Nelson C. Moss, Jr., Asst. Circuit Atty., St. Louis, John C. Danforth, Atty. Gen., Jefferson City, for respondent.

Arthur Kreisman, James C. Jones, St. Louis, for appellant.

CLEMENS, Judge.

Defendant-Appellant Earl Rhodes and non-appealing defendants Lee Morgan and Eddie Williams were convicted of arson of Mrs. Alberta Johnson's motor vehicle, a 1967 Chevrolet. The jury found the defendants guilty but being unable to agree upon punishment the court sentenced Rhodes to three years confinement. Rhodes appeals, his only point being that the State's circumstantial evidence was insufficient.

Early in August 1971 Mrs. Johnson had an accident with a 1964 Chevrolet driven by Lee Morgan, one of the defendants here. Morgan offered to have Mrs. Johnson's auto repaired the following Monday. During the early morning of August 12 the Johnson auto was stolen.

Early the next morning police officers Hughes and Dicus saw a 1967 Chevrolet, later identified as belonging to Mrs. Johnson, being driven into an alley; they also saw a 1964 Chevrolet, later identified as Lee Morgan's, stop at the end of the alley. The officers' suspicions being aroused, they drove to a point where they could see both autos. The officers watched as the Johnson Chevrolet came through the alley and stopped on a parking lot in the rear of a building. After parking the Johnson auto two men, one carrying a gasoline can, got out of the Johnson car and ran through the alley towards the Morgan car. The

man with the gas can entered the Morgan car and sat in the right rear seat; the other man sat in the rear seat behind the driver. The car then drove off.

The officers followed quickly and apprehended the three occupants of the Morgan car. After ordering them to get out and identify themselves the officers noted defendant Earl Rhodes was seated in the right rear passenger seat and Lee Morgan was seated behind the driver. The officers found a gasoline can on the floor below the right rear seat.

While the officers were checking the identification an automobile horn sounded. Officer Hughes walked to a corner to investigate the noise and from there he saw the Johnson Chevrolet on fire in the rear parking lot. A later examination revealed that the fire was incendiary in origin. This substantially was the State's evidence.

The testimony of Lee Morgan was offered by defendants to explain their presence in the vicinity of Mrs. Johnson's car with a gasoline can. Morgan testified that shortly after midnight of August 11 he, Eddie Williams and Earl Rhodes, were driving in the neighborhood when his car ran out of gas. Morgan and Rhodes got an empty gas can from the trunk and went to a service station and bought a gallon of gas. Rhodes poured the gas into the tank and Morgan put the can in the back seat. After refueling they drove a short distance and were apprehended.

The rule as to the sufficiency of circumstantial evidence in a criminal case is that the facts and circumstances relied upon by the State to establish guilt must not only be consistent with each other, and with the hypothesis of defendant's guilt, but they must also be inconsistent and irreconcilable with his innocence. State v. Whitaker, Mo., 275 S.W.2d 316[15–16].

Defendant argues circumstances to explain his presence near the Johnson auto at the time in question but the reasonableness of his explanation is eroded by the concurrence of various factors. First is the fact defendant Lee Morgan had a motive for destroying the automobile he had agreed to repair. Secondly, no one else who might have started the fire was shown to have been in the area of the Johnson Chevrolet. This is important because the State's evidence showed the fire was of incendiary origin, thus requiring acts by someone with a wilful intent to burn. Finally, defendant's attempt to account for his whereabouts during the time in question is inconclusive, especially so by his failure to offer corroborating testimony by the attendant who allegedly sold the gallon of gas.

Defendant cites two cases of insufficient circumstantial evidence. In State v. Rogers, Mo., 380 S.W.2d 398, the defendant was arrested in a parking lot near a store where a burglary had been attempted late at night, and gave an "improbable" explanation of his presence. In reversing the conviction the court said: "Circumstantial evidence which merely showed that the defendant had an opportunity to commit the crime charged and which created a strong suspicion of guilt without more is not sufficient to support a judgment of conviction."

In State v. Irby, Mo., 423 S.W.2d 800, the State's evidence showed one Warren had burglarized a filling station at night. The only evidence connecting defendant Irby was that he had been driving with Warren and just before the burglary Irby was walking from their parked car toward the station. In reversing Irby's conviction the court said: "There is nothing in the state's case to show that this defendant associated himself with this venture, affirmatively participated in the crime, forwarded the effort, or consciously shared in the act."

Both these cited cases hold in effect that no case is made by a mere showing of opportunity and suspicion. The evidence here goes much further. Co-defendant Morgan had a motive to destroy Mrs. Johnson's car. After it had been stolen and secretively parked defendant Rhodes ran

from the Johnson car to the Morgan car carrying a gasoline can and quickly rode off; when apprehended defendant Rhodes still had the empty gas can and moments later the Johnson car suffered an incendiary fire. This went far beyond opportunity and suspicion. The Rogers and Irby cases are not in point.

We conclude the State made a submissible case of arson. Compare State v. Jackson, Mo., 267 S.W. 855[3] and State v. Taylor, 445 S.W.2d 282[1–4].

Judgment affirmed.

WEIER, Acting P. J., and McMILLIAN, J., concur.