**STATE of Missouri, Plaintiff-Respondent,**

v.

**Daniel BOONE, Defendant-Appellant.**

**No. KCD26028.**

Kansas City Court of Appeals,
Missouri.

Jan. 19, 1973.

Joseph F. Caresio, Kansas City, for defendant-appellant.

John C. Danforth, Atty. Gen., G. Michael O'Neal, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before SHANGLER, C. J., PRITCHARD and WASSERSTROM, JJ., and FRED E. SCHOENLAUB, Special Judge.

FRED E. SCHOENLAUB, Special Judge.

Defendant was charged in Bates County, Missouri, with burglary in the second degree and stealing. A change of venue was granted to Henry County, Missouri. Trial by a jury was waived. Defendant was convicted of burglary in the second degree and stealing, and was sentenced to a term of two years for burglary and two years for stealing, the terms to run consecutively. Sections 560.045 and 560.110, Mo.R.S.1969

V.A.M.S. Motion for new trial was overruled and defendant appeals.

At approximately 6:30 p. m. on September 7, 1970, the Robert Jarman family left their home to attend a supper at a swimming club in Butler, Missouri. Their garage door and three interior doors were left open. The screen doors on all three interior doors, however, were closed. Another door and all windows in their home were closed. When they returned they observed two cars parked in their driveway, a 1968 Chevrolet near the entrance of the driveway and a 1967 Plymouth, with its trunk open, backed up to the entrance to their garage. They stopped their car at the end of the driveway immediately in front of the Chevrolet, which then rolled forward until it ran into their car. It was then backed away by a girl who had been partially hidden in the front seat. The Jarmans observed the defendant behind a brick wall extending south from their garage. He looked around the side of the wall three different times. They also observed another man run around the side of the house and push the defendant back behind the wall. The defendant then stepped from behind the wall and walked up to the Jarmans. He told them he was looking for a person who owed him some money and thought he lived at the Jarman home. He then started walking away from Mr. Jarman and was told to wait until Mr. Jarman could check the house and see what was going on. Defendant kept walking, got into the Chevrolet, backed up a few feet, drove around the Jarman car and out of the driveway. When the defendant started walking toward the Jarmans the other man shut the trunk of the Plymouth, got in on the driver's side and drove off. A woman in the Plymouth laid down in the front seat. The Jarmans went into their house and found a billfold and typewriter missing. The billfold was later found in the living room. Money which had been in the billfold was gone. A pay envelope and plastic case containing typewriter correction ribbon, both of which had been on top of the typewriter, were found in the driveway between the two cars. A walkie-talkie was also reported missing but was later found.

■■■■ Defendant first contends the evidence was insufficient to support a conviction for stealing. He also alleges that the trial court erred in overruling his motion for acquittal in that there was insufficient evidence that he participated in breaking and entering the Jarman home. These points will be considered together. In testing the sufficiency of the evidence in a criminal prosecution, the evidence and all reasonable inferences therefrom must be considered in the light most favorable to the State and all evidence and inferences to the contrary must be rejected. State v. Hicks, Mo., 438 S.W.2d 215, 218; State v. Hughey, Mo., 404 S.W.2d 725, 729. The evidence clearly established that all of the doors, or screens, and all of the windows of the Jarman home were closed when the Jarmans left, that the house was entered while they were gone, and that a typewriter and money from Mr. Jarman's billfold were taken. This evidence and the permissible inferences therefrom constitutes sufficient evidence that the offenses of burglary and stealing were committed by some one or more persons.

Defendant contends, however, that the State's evidence concerning his participation was totally circumstantial and insufficient. In State v. Rogers, Mo., 380 S.W.2d 398, 400, this court held:

"Where the evidence of defendant's agency in connection with the crime charged is entirely circumstantial, the facts and circumstances relied upon by the state to establish guilt must be consistent not only with each other and with the hypothesis of defendant's guilt but must also be inconsistent and irreconcilable with his innocence and must point so clearly and satisfactorily to his guilt as to exclude every reasonable hypothesis of innocence. State v. Walker, Mo., 365 S.W.2d 597, 601(5)."

Defendant relies on several cases wherein the evidence produced by the State was held to be insufficient to establish the accused's participation in the commission of the crime. In none of these cases are the facts substantially similar to ours. In State v. Archer, Mo., 6 S.W.2d 912 defendants were shown to have been present at a point an eighth of a mile away from a truck during the night on which four tires were removed from it. They were seen no nearer than an eighth of a mile. They were not seen coming from the direction of the truck. They were not found in possession of nor near the stolen tires and they were not seen driving away with a load of any sort, in their automobile. In State v. Murphy, 356 Mo. 110, 201 S.W.2d 280, it was shown only that defendant and another man had stopped defendant's truck on a country road in the vicinity of the yard from which a gas engine was later found to have been stolen, that there were tracks around the truck, that a path was found in the grass leading up to the yard, and also tracks around the place where the engine had been located. There was no real examination of any of the tracks, nor was defendant shown to have been present at the time of the actual theft. In State v. Favell, Mo.App., 411 S.W.2d 245, the only evidence connecting defendant with the theft was his proximity to a welding shop office from which a typewriter was later stolen, and his presence nearby with three others when the typewriter was found. In State v. Castaldi, Mo., 386 S.W.2d 392, the State proved defendant's presence at the scene of the crime, an opportunity to commit the crime, suspicious circumstances, and perhaps flight, but there was no evidence from which it could be inferred that he encouraged or excited the commission of the offense, participated therein, countenanced, approved or associated himself with the crime, or that he knew that a crime was being or had been committed. In State v. Rutledge, 304 Mo., 32, 262 S.W. 718, defendant was seen going into the enclosure at the rear of a building which had been burglarized. There were no other corroborating circumstances. In State v. Rogers, supra, defendant was one of three persons observed at a shopping center in the vicinity of a jewelry store which had been burglarized from 3:20 a. m. to 3:30 a. m. There was further evidence creating a strong suspicion that defendant was one of three occupants of an automobile seen leaving the parking area at 2:30 a. m. and that they returned later and were interrupted while attempting to burglarize the jewelry store. In State v. Walker, Mo., 365 S.W.2d 597, the evidence placed defendant and two companions in front of a farm home from which a chain saw was stolen and showed that they had an opportunity to steal the chain saw and further that they had an opportunity to dispose of it. In State v. Tracy, 284 Mo. 619, 225 S. W. 1009, the State's evidence showed that very shortly after a burglary was committed defendant and two other men were found three-tenths of a mile from the scene sitting on a river bank in the darkness near a skiff containing a quantity of burglary tools and other articles, that he protested when a flashlight was directed at him, leveled a rifle at one of the State's witnesses and immediately thereafter fled. None of the stolen property was traced to defendant and he was in no way connected with the burglar's tools. In State v. DeWitt, 191 Mo. 51, 90 S.W. 77, the State's evidence showed that the defendants were standing on a public sidewalk in front of a store while two other parties with whom they had earlier been drinking were burglarizing the store. There was no showing of any overt act on the part of these two defendants looking to the commission of a crime. In State v. Irby, Mo., 423 S.W.2d 800, the State's evidence placed defendant at the scene of the crime immediately prior thereto in the company of one who apparently was directly implicated. It demonstrated that defendant had an opportunity to participate in the commission of the crime and it revealed him in very suspicious circumstances. There was nothing in the State's case, however, to show that the

defendant had associated himself with the crime, affirmatively participated, forwarded the effort or consciously shared in the act. In State v. Watson, Mo., 425 S.W.2d 123, the defendant was arrested as he was walking in the vicinity of a building in which two others were arrested while committing a burglary. The area in which the defendant was arrested was well lighted, defendant was not running, he was not attempting to hide, and he made no attempt to flee when told to halt by a police officer. There was no evidence from which it could be inferred that he was a participant in the burglary.

■ Here the State's evidence clearly established that defendant was present at the Jarman home during the time the typewriter was stolen, that he was seen at the entrance to the Jarman garage where a car was parked with the trunk open, that he attempted to hide when the Jarmans returned home, that he was wearing cotton gloves, certainly not required by September weather, that his female companions attempted to conceal themselves in the automobile, that a pay envelope and typewriter correction ribbon which had been on top of the typewriter in the Jarman home were found in the driveway behind the defendant's car, and that defendant refused Mr. Jarman's request to remain while he checked his home. These circumstances raised a fair and reasonable inference of his participation in the burglary and were sufficient to permit reasonable minds to believe the defendant guilty beyond a reasonable doubt. State v. Ramsey, Mo., 368 S.W.2d 413, 418. Such a finding did not rest upon mere suspicion, conjecture or surmise. These facts and circumstances were consistent with defendant's guilt, they were inconsistent with his innocence and point so clearly and satisfactorily to his guilt as to exclude every reasonable hypothesis of his innocence. State v. Rogers, supra; State v. Ramsey, supra.

■ Citing Supreme Court Rule 26.01(c), V.A.M.R., and State v. Ramsey, supra, defendant next contends the court erred in overruling his motion for finding of fact and declarations of law. Supreme Court Rule 26.01(c) was amended in 1968 by deleting the requirement that the court prepare an opinion or give declarations of law in court tried cases. As amended the rule requires only that the court make a general finding unless requested findings of fact and declarations of law are submitted to the court. State v. Ramsey, supra, was decided prior to the amendment of Supreme Court Rule 26.01(c), and is no longer controlling. At the conclusion of the evidence the trial court found that the defendant and another cooperated in the burglary of the Robert Jarman residence and in stealing a Smith Corona typewriter therefrom. This was sufficient. Defendant's motion for findings of fact and declarations of law was filed on December 23, 1971, more than three months after trial, after his Notice of Appeal was filed. The motion was not timely filed and was properly overruled.

■■ Defendant also contends that because the information charged him with stealing a typewriter and a walkie-talkie the court erred in overruling his motion for acquittal on the basis that the proof was at variance with the charge. The defendant was charged with stealing a typewriter and walkie-talkie. He was found guilty of stealing only the typewriter. This point is without merit for two reasons. The issue of variance was not raised in defendant's Motion for Acquittal or in his Motion for a New Trial. No reviewable question was preserved for review by this court. State v. Mathews, Mo., 328 S.W.2d 642, 645; State v. January, 353 Mo. 324, 182 S.W.2d 323, 326. In addition, the reference to the walkie-talkie was mere surplusage. The variance was not material to the merits of the State's case or prejudicial to the defendant. Supreme Court Rule 26.04 V.A.M.R.; State v. Johnson, Mo., 457 S.W.2d 795, 799.

The judgment is affirmed.

All concur.