Roscoe J. **PASTORY**, Appellant,

v.

Thelma J. **PASTORY**, Appellee.

No. 4576.

Court of Civil Appeals of Texas, Eastland.

Aug. 4, 1972.

Rehearing Denied Aug. 18, 1972.

Erhard, Cox & Ruebel, Robert C. Cox, Dallas, for appellant.

Kelsoe & Paternostro, Richard W. Estran, Dallas, for appellee.

COLLINGS, Justice.

Thelma J. Pastory as plaintiff brought this suit in the nature of a bill of review attacking a divorce decree and property settlement dated September 10, 1970. The divorce decree, together with companion agreements for property settlement and alimony are attached to the plaintiff's bill of review. The property settlement dated September 10, 1970, among other things provided that the defendant in full and final settlement of the husband's obligation to support and maintain his wife agreed to pay plaintiff the sum of $20,000 in 120 monthly installments beginning November 1, 1970, such payments being referred to as alimony payments. The plaintiff in her

bill of review sought to set aside the judgment of September 10, 1970, the alimony agreement and property settlement agreement, alleging fraud on the part of the defendant, Roscoe J. Pastory. The court after hearing and argument decreed that portion of its judgment concerning the alimony obligation of the defendant to pay $20,000 in monthly installments in support of his wife to be void and unenforceable. The plaintiff and the defendant both gave notice of appeal. Appellant, Roscoe J. Pastory, urges in his first point that the trial court erred in entertaining the bill of review filed more than thirty days after judgment was entered and that it "has no jurisdiction to enter the order of May 4, 1972 without granting the bill of review".

The record shows that the order of May 4, 1972, adjudicates only the matter of alimony payments as required in the original divorce decree dated September 10, 1970. The record further shows that the court has not granted appellee's bill of review as prayed for nor has the court disposed of such application.

In our opinion the order attempted to be appealed from is interlocutory and not a final judgment which can be the basis of an appeal. It is held that a judgment which does not dispose of all parties and issues in a pending suit is interlocutory and not appealable unless there is an order of severance of a severable case in the trial court. Pan American Petroleum Corporation et al. v. Texas Pacific Coal & Oil Company et al., 159 Tex. 550, 324 S.W. 2d 200 (1959) and cases cited therein.

The record before us shows that the order attempted to be appealed from is not a final judgment and that this court is without jurisdiction. Commercial Standard Insurance Co. v. Stonewall Insurance Co., 469 S.W.2d 310 (Tex.Civ.App.—Eastland 1971, no writ hist.).

For the reasons stated we dismiss the appeal.