### STATE of Missouri, Respondent,

### v.

### Theodore Delroy AMRINE, Appellant.

### No. KCD 28507.

Missouri Court of Appeals,
Kansas City District.

Feb. 28, 1977.

William G. Mays, II, Public Defender, Columbia, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Before WASSERSTROM, P. J., and SOMERVILLE and TURNAGE, JJ.

TURNAGE, Judge.

Theodore Amrine was convicted by a jury of assault with intent to do great bodily harm with malice aforethought. Under the Second Offender Act, the court sentenced him to seven years confinement.

On this appeal, Amrine complains of the giving of an instruction. Affirmed.

Theodore Amrine and his brother, Fred Amrine, became involved in a fight with Annise Davis outside a nightclub in Columbia. The Amrine brothers left the scene and Theodore later appeared at a friend's apartment and obtained a gun. Shortly thereafter, with Theodore driving, he and Fred returned to the nightclub and found Davis still standing in front.

Both men got out of the car and Fred fired several shots at Davis, none of which struck their mark. Both men returned to the car and, with Theodore driving, left the scene.

In its instructions to the jury, the court gave MAI–CR 6.22, as modified by MAI–CR 2.14. Amrine concedes this instruction was the proper combination of instructions applicable to this case. The instruction given by the court was:

"If you find and believe from the evidence beyond a reasonable doubt:

"First, That on or about May 8, 1975, in the county of Boone, State of Missouri, a certain person shot at Annise Davis, Jr., and

"Second, that this person did so with malice aforethought—that is, intentionally and without just cause or excuse and after thinking about it beforehand for any length of time, and

"Third, that this person did so with intent to maim Annise Davis, Jr., and

"Fourth, that the defendant, Theodore Delroy Amrine, knowingly and intentionally aided or encouraged the person who engaged in the conduct submitted in the above paragraphs,

"then you will find the defendant, Theodore Delroy Amrine, guilty of assault with intent to maim with malice aforethought.

"However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of the foregoing, you must find the defendant, Theodore Delroy Amrine, not guilty of that offense."

The sole contention on this appeal is error in the instruction in the use of the words "a certain person" rather than using the name of Fred Amrine. The contention is made that the use of the words "a certain person" causes the instruction to be at variance with the evidence in this case.

This is wholly untenable because all the evidence in the case revealed the shots were fired by Fred. There was no evidence that anyone else fired any shots and no evidence that Theodore fired any shots. In referring to the person who fired the shots, none of the witnesses referred to Fred by name. Rather, the witnesses referred to him as "his (Theodore's) brother," "the guy that had the gun," "the person that got out of the passenger side (of the Volkswagen)," "this person with the gun," "the other person," and "the man with the gun." Thus, the evidence referred to Fred in descriptive terms rather than to him by name. Clearly, the jury could not have been misled as to the identity of the person referred to in the instruction as "a certain person."

Of paramount importance, however, is the fact the instruction followed the mandate of MAI–CR. In MAI–CR 2.14, the following direction appears:

"Where appropriate in ascribing certain conduct to defendant or another or others whom he aided or tried to aid, use the word or phrase applicable to describe the person or persons who engaged in that conduct, e.g., 'defendant', or the name or names of the other or others, or 'a certain person', or 'certain persons', or 'defendant or another', or 'defendant or others', or 'defendant and another' or 'defendant and others' . . ."

The instruction as given followed the direction in MAI–CR. The court was required to follow MAI–CR. Rule 20.02(c). There was no error in using the phrase "a certain person."

Affirmed.

All concur.