**STATE of Missouri, Respondent,**

v.

**Kirby Russell KEEVER, Appellant.**

**No. KCD 29378.**

Missouri Court of Appeals, Kansas City District.

July 31, 1978.

Scott W. Ross, Beavers & Ross, Maryville, for appellant.

John D. Ashcroft, Atty. Gen., Carson Elliff, Asst. Atty. Gen., Jefferson City, for respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

TURNAGE, Judge.

Kirby Keever was convicted of stealing property in another state and bringing the same into this state. Section 541.040, RSMo 1969.* He was sentenced to four years imprisonment.

On this appeal Keever charges error in (1) failure to submit an instruction on conspiracy; (2) improper reception of an admission; (3) insufficient evidence; and (4) an erroneous instruction. Affirmed.

On September 1, 1974, Keever and Presley Mires told James Rebel they would get Rebel a 4430 John Deere tractor. Keever told Rebel they would deliver such a tractor but it would take a little while to get it. Rebel showed Keever a machine shed south of Bethany where he wanted the tractor delivered. A sale price of $2,000 was agreed upon.

On October 26, 1974, Orland Engstrand, a farmer in Page County, Iowa, approximately 90 miles north of Bethany, parked his 4230 John Deere tractor in a field near his home. Engstrand had paid $13,500 for the tractor just over a year before. About 8:00 A.M. on October 27, 1974, Engstrand noticed his tractor was missing. He had not given permission for anyone to move it.

On the morning of October 27, 1974, Keever and Mires visited Rebel in a hospital where he was a patient. Keever told Rebel they had delivered a tractor. Rebel had his hired hand check the machine shed and the hired hand found a 4230 John Deere tractor there. No such tractor had been owned by Rebel prior to that time. About a week later, when Rebel was out of the hospital, he met Keever and Mires. At this time Keever told Rebel he would have to have about $4,000 for the tractor. Rebel gave

* All statutory references are to RSMo 1969 unless otherwise indicated.

him $2,500 and agreed to keep the tractor even though it was not the 4430 model that he preferred. At that time Mires told Rebel he did not know if he had enough fuel to get the tractor over here. About a week later Rebel paid Keever the balance of $1,500.

Rebel used the tractor purchased from Keever until November, 1975, when it was discovered to be the tractor stolen from Engstrand.

Keever was arrested in December, 1975. After his arrest the sheriff of Harrison County read him his "Miranda" rights. After hearing his rights read to him, Keever asked to see the warrant so that he could read the charge pending against him. He read the charge and told the sheriff he did not steal the tractor. He stated he had contacted a man in Omaha who was connected with a tractor stealing ring and had showed this man a number of tractors setting around. He also showed the man the machine shed near Bethany on the Rebel farm where the tractor was to be delivered. He stated he had talked with Rebel about delivering a tractor to him. He said after he had contacted the man in Omaha this man came to his home one morning and woke him up and demanded money. He said he paid him. It was not made clear whether this payment to the man from Omaha was made before or after the delivery of the tractor to Rebel. He said the tractor delivered to Rebel was not the model Rebel wanted.

■ As one of his points, Keever challenges the sufficiency of the evidence to sustain his conviction. He argues the case was based wholly on circumstantial evidence. He contends the circumstances are not sufficient to sustain the conviction. This was not a case based on circumstantial evidence but was one based on direct evidence, that of the testimony of Rebel and the admission of Keever. Keever's admission was not circumstantial evidence but was direct evidence. *State v. Cox*, 352 S.W.2d 665, 670[2, 3] (Mo.1961).

■ The evidence was sufficient to show at the very least that Keever encouraged another to steal a tractor and this was sufficient to make Keever a principal and allow him to be charged, tried and convicted as a principal. Section 556.170; *State v. Lee*, 404 S.W.2d 740, 747[10, 11] (Mo.1966).

■ Keever also contends the court erred in failing to give an instruction on conspiracy under § 556.120 on the theory the conspiracy was a lesser included offense. Keever contends it was impossible for him to have committed the crime charged without having entered into a conspiracy. There was no evidence to show the existence of a conspiracy. A person may aid and abet the commission of a crime and be guilty as a principal without a showing of the existence of a conspiracy. *State v. Lee, supra.* Here the evidence was sufficient to show Keever aided or encouraged the commission of the crime to the extent he would be guilty as a principal. "An instruction on a lesser offense is not proper unless it is impossible to commit the greater without first committing the lesser, for otherwise the lesser is not properly a lesser offense to the greater. *U. S. v. Eisenberg*, 469 F.2d 156, 162[13] (8th Cir. 1972)." *State v. Fleming*, 528 S.W.2d 513, 515[4] (Mo.App.1975).

■ It was not necessary to show a conspiracy in order to prove facts sufficient to show Keever encouraged the stealing to make him guilty as a principal. For that reason, under the rule stated in *Fleming* it was not necessary to give an instruction on conspiracy because it was possible to commit the felony charged without first participating in a conspiracy.

■ Keever next contends the court erred in receiving evidence of the statement he gave to the sheriff because he alleges the record fails to show that he knowingly and intelligently waived his right to remain silent and to consult with an attorney. Keever bases this argument on his failure to affirmatively state that he understood his rights and voluntarily waived the right to remain silent and to consult an attorney.

The court conducted a hearing out of the presence of the jury to determine the voluntary nature of the statement. The court made the requisite finding the statement was voluntary. The court found from the total circumstances that Keever understood his rights and his statement was knowingly and voluntarily made. In *State v. Thompson,* 465 S.W.2d 590, 592[3, 4] (Mo.1971) the court stated: "The fact that an accused declined counsel voluntarily and understandingly may be established by surrounding circumstances unequivocally showing a waiver."

Here Keever was shown to be twenty-three years old with a high school education; he had no impediments in reading and understood the language of the information with which he was charged. There was no evidence of any coercion whatever and after he was advised of his rights, Keever requested a copy of the warrant so that he could read the charge against him. After reading the warrant, he made the statement referred to above.

The court correctly stated he was determining the voluntary nature of the statement from the totality of the circumstances. *State v. Hutson,* 537 S.W.2d 809, 813[1] (Mo.App.1976). An examination of the record reveals the court was correct in finding the statement to be voluntary.

Keever finally contends the court erred in giving Instruction No. 6, which was MAI–CR 2.10. Keever complains that the second paragraph of this instruction was given which states the presence of a person at the scene of the offense at the time it was committed is alone not sufficient to make that person responsible for the crime although his presence may be considered together with all of the other evidence. Keever contends there was no evidence to show he was actually present at the Engstrand farm in Iowa when the tractor was stolen and this instruction supplies a vital part of the State's case.

It should first be noted Keever admits the objection to this instruction has not been properly preserved and he requests review under Rule 27.20(c). There was evidence from which the jury could find that Keever was present when the tractor was delivered to the Rebel farm. Keever had told Rebel "they" had delivered the tractor. From the testimony of Rebel concerning this statement and the statement of Mires concerning fuel, the jury could infer that Keever was present when the tractor was delivered. Section 541.040 covers the situation when property is stolen in another state and brought into this state. It has already been noted the evidence would justify a conviction of Keever as a principal even though the evidence did now show he was personally present in Iowa when the tractor was stolen. At the same time there was evidence from which the jury could infer his presence at a time when the stolen property was transported in this state. Thus the second paragraph of MAI–CR 2.10 was justified since there was evidence from which the jury could find that Keever was present during one phase of the crime. For that reason the second paragraph of MAI–CR 2.10 was properly given.

The judgment is affirmed.

All concur.