**STATE of Missouri, Respondent,**

v.

**Willie HATHORN, Appellant.**

**No. 39051.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Sept. 19, 1978.

Motion for Rehearing and/or Transfer
Denied Oct. 13, 1978.

Application to Transfer Denied
Nov. 6, 1978.

Shaw, Howlett & Schwartz, James J. Knappenberger, Clayton, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Asst. Atty. Gen., Jefferson City, Courtney Goodman, Pros. Atty., Steve Goldman, Asst. Pros. Atty., Clayton, for respondent.

CLEMENS, Presiding Judge.

Defendant Willie Hathorn was found guilty of second degree burglary and stealing (Sections 560.070, 560.110, RSMo. 1969), and of obtaining money by means of a bogus instrument, (Section 561.450, RSMo. 1969).[1] The jury assessed punishment at ten years for burglary and a concurrent five-year term for stealing and a consecutive five-year term for obtaining money by means of a bogus instrument.

Since defendant has not challenged the sufficiency of the evidence to support his conviction, a brief factual statement will suffice. Defendant, formerly a police officer, became acquainted with Richard Berry after having arrested him for a previous burglary. Berry testified that he was approached by defendant who asked him if he could break into "Pete's Market." That evening Berry climbed to the roof of the market, made a hole with a crowbar thrown up to him by defendant, and entered the store. He removed two bags of coins, a money order machine, a box of blank money orders and a safe. Later Berry came to defendant's house and saw the safe there. Defendant gave Berry some order blanks

---

1. Defendant was acquitted on another count of burglary and stealing.

which Berry was unable to cash. Two other witnesses testified defendant gave them blank money orders, identified as having been stolen from the burglarized store. Defendant cashed one such money order at a bank.

Defendant challenges the verdict-directing instructions on burglary and stealing because each, after hypothesizing Berry's burglarious conduct, included an MAI-CR 2.14 paragraph authorizing finding defendant guilty if he "knowingly and intentionally aided or encouraged (Richard Berry) . . . ." In his motion for new trial, defendant contended the court erred because each instruction "permitted the jury to find the defendant guilty of the substantive offense of burglary in the second degree by merely finding that defendant was an aider and an abettor" and "if they only find that the defendant aided or encouraged the person who actually committed the offense."

We limit our review to the challenge raised in the motion for new trial and carried forward into defendant's brief.

Defendant's contention is refuted by § 556.170, RSMo. 1969, declaring: "Every person who . . . shall be an accessory to any . . . felony . . . shall, upon conviction be adjudged guilty of the offense in the same degree . . . ."

The challenged instruction was not erroneous.

Judgment affirmed.

SMITH and McMILLIAN, JJ., concur.