STATE of Missouri, Respondent,

v.

Shirley LUTE, Appellant.

No. 61430.

Supreme Court of Missouri,
En Banc.

Nov. 12, 1980.

As Modified On Courts Own Motion On
Denial of Rehearing Dec. 15, 1980.

James G. Gregory, Montgomery City, for appellant.

John Ashcroft, Atty. Gen., S. Francis Baldwin, Asst. Atty. Gen., Jefferson City, for respondent.

WELLIVER, Judge.

Appellant was convicted of capital murder under § 559.010, RSMo 1978. Punishment was fixed at life imprisonment without probation or parole for a minimum of 50 years. Appellant contends that the trial court erred (1) by using MAI–CR2d (post–code) instructions when MAI–CR (pre–code) instructions should have been used for the trial of this pre–code offense; (2) by twice failing to give MAI–CR 2.05 as a lead–in paragraph to the submission of lesser included offenses; (3) by refusing a non–MAI–CR instruction based on § 556.180, RSMo 1969; (4) by failing to instruct on first degree murder and second degree felony murder; (5) by following a pattern instruction that is an impermissible comment on the evidence by the court; (6) by permitting the testimony of a sheriff who may

have had custodial responsibilities for the jury; (7) by permitting expert testimony based upon a standard of "most probably"; and (8) by admitting certain documents without sufficient authentication. Jurisdiction is in this Court under Mo. const. art. V, § 3. We reverse and remand for a new trial.

Appellant was the wife of the victim, Melvin Lute. On February 6, 1978, highway patrol officers responded to a reported robbery at the Lute trailer in Middle Grove, Monroe County, Missouri. The responding officer discovered in the trailer the body of a man, later identified as Melvin Lute. A pathologist determined the cause of death as hemorrhage due to a six inch cut across the neck and a shotgun wound to the back.

Appellant was charged by an information alleging that she acted "in concert with another" in killing Melvin Lute. At trial, the evidence showed that appellant, for at least the preceding year and a half, had solicited several people, including her son Roy Welch, to kill Melvin Lute, and that she had offered them money in exchange.

Kristine Cockrell testified that she was with Roy Welch on the evening of February 6, 1978, when he had been in the Lute trailer for about 45 minutes. She testified that he came running out of the trailer with a gun and a knife in his hand, and that he had taken the gun and knife to a nearby creek, returning a few minutes later without them. Based on a statement given by Kristine, Monroe County Sheriff Dean Mason recovered a butcher knife and a 12–gauge shotgun from the creek.

The case was submitted to the jury on three verdict directing instructions and a general instruction on criminal responsibility. Instruction No. 5 was MAI–CR2d 2.10:

### INSTRUCTION NO. 5

A person is guilty of an offense if it was committed by conduct for which he is criminally responsible, whether that conduct was his own or that of another person or both his own conduct and that of another.

A person is criminally responsible for the conduct of another in committing a particular offense when, either before or during the commission of an offense, with the purpose of promoting the commission of that offense he aids such other person in planning or committing that offense.

The presence of a person at or near the scene of an offense at the time it was committed is alone not sufficient to make him responsible therefor, although his presence may be considered together with all of the evidence in determining his guilt or innocence.

Instruction No. 7 was MAI–CR2d 15.02 modified by MAI–CR2d 2.12:

### INSTRUCTION NO. 7

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about February 6, 1978 Roy Welch with the aid or attempted aid of defendant did cause the death of Melvin Lute by shooting and cutting him, and

Second, that the defendant thereby intended to take the life of Melvin Lute, and

Third, that the defendant thereby knew that she was practically certain to cause the death of Melvin Lute, and

Fourth, that the defendant thereby considered taking the life of Melvin Lute and reflected upon this matter coolly and fully before doing so, and

Fifth, that the defendant, either before or during the commission of the offense of capital murder with the purpose of promoting its commission, aided such other person in planning or committing that offense,

then you may find the defendant guilty of capital murder.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

Instruction No. 8 was MAI–CR2d 15.14 modified by MAI–CR2d 2.12:

## INSTRUCTION NO. 8

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about February 6, 1978 Roy Welch with the aid or attempted aid of defendant did cause the death of Melvin Lute by cutting and shooting him, and

Second, that the defendant thereby intended to take the life of Melvin Lute, and

Third, that the defendant thereby did not do so in anger suddenly provoked by the unexpected act or conduct of Melvin Lute, and

Fourth, that the defendant, either before or during the commission of the offense of murder in the second degree with the purpose of promoting its commission, aided such other person in planning or committing that offense, then you may find the defendant guilty of murder in the second degree.

However, if you do not find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

Instruction No. 9 was MAI–CR2d 15.18 modified by MAI–CR2d 2.12:

## INSTRUCTION NO. 9

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or about February 6, 1978 Roy Welch with the aid or attempted aid of defendant did cause the death of Melvin Lute by shooting and cutting him, and

Second, that the defendant, either before or during the commission of the offense of manslaughter with the purpose of promoting its commission, aided such other person in planning or committing that offense, then you may find the defendant guilty of manslaughter.

However, if you do not find and believe from the evidence beyond a reasonable

doubt each and all of these propositions, you must find the defendant not guilty of that offense.

The jury found appellant guilty of capital murder as submitted in Instruction No. 7. The state having waived the death penalty, the jury fixed the punishment at life imprisonment without eligibility for probation or parole for 50 years.

■ Appellant contends that the post–code MAI–CR2d instructions, given by the trial court, misstated the applicable law and incorrectly submitted the issue of appellant's criminal responsibility. In *State ex rel. Peach v. Bloom*, 576 S.W.2d 744, 747 (Mo. banc 1979), we held that the "provisions of law existing prior to the new criminal code [are] applicable to all offenses committed prior to January 1, 1979." *State v. Crow*, 600 S.W.2d 162, 166 (Mo.App.1980); *State v. Bey*, 599 S.W.2d 243, 246 (Mo.App. 1980). It is not disputed that the instructions from MAI–CR were designed to submit the law as it existed prior to January 1, 1979, and that the trial court should have followed MAI–CR instead of MAI–CR2d. *State v. Moore*, 580 S.W.2d 747, 750 n.2 (Mo. banc 1977); Rule 28.02(c). Under rule 28.-02(e), failure to give the applicable MAI–CR instruction is presumptively prejudicial, and we are obliged to so hold unless the contrary clearly appears. *State v. Graves*, 588 S.W.2d 495, 497 (Mo. banc 1979); *State v. Phillips*, 583 S.W.2d 526, 527–28 (Mo. banc 1979); *State v. Clifton*, 549 S.W.2d 891, 895 (Mo.App.1977); *State v. Billingsley*, 534 S.W.2d 484, 486 (Mo.App.1975). The state acknowledges that the case was submitted on the theory that appellant aided or encouraged her son in killing Melvin Lute, and that the three verdict directing instructions should have been modified by MAI–CR 2.14. The state argues that appellant was not prejudiced by this error because there is "no material difference" between the instructions given and MAI–CR 2.14 as properly modified. We do not agree.

■ Section 556.170, RSMo 1969,[1] the statute endorsed on the information and applicable to this offense provides:

1. This section was repealed effective January 1, 1979, by S.B. 60, Laws of Mo. 1977, p. 662. It

was replaced by §§ 562.036 and 562.041, RSMo 1978. For a comparison of the old statutory

556.170. Accessories defined

Every person who shall be a principal in the second degree in the commission of any felony, or who shall be an accessory to any murder or other felony before the fact, shall, upon conviction, be adjudged guilty of the offense in the same degree, and may be charged, tried, convicted and punished in the same manner, as the principal in the first degree.

It has long been held that this section abrogates the common law distinction between principals and accessories. *State v. West*, 484 S.W.2d 191, 195 (Mo.1972); *State v. Spica*, 389 S.W.2d 35, 40 (Mo.1965) *cert. denied*, 383 U.S. 972, 86 S.Ct. 1277, 16 L.Ed.2d 312 (1966); *State v. Lunsford*, 331 S.W.2d 538, 540 (Mo.1960); *State v. Butler*, 310 S.W.2d 952, 957 (Mo.1958); *State v. Tripp*, 303 S.W.2d 627, 631 (Mo.1957); *State v. Pinkus*, 550 S.W.2d 829, 838 (Mo.App. 1977). One who aids and abets another in the commission of a felony is guilty as a principal, even without a showing of any conspiracy between the aider and the principal. *State v. Reed*, 453 S.W.2d 946, 948 (Mo.1970); *State v. Lee*, 404 S.W.2d 740, 747 (Mo.1966); *State v. Ramsey*, 368 S.W.2d 413, 416 (Mo.1963); *State v. Johnson*, 347 S.W.2d 220, 222 (Mo.1961); *State v. Slade*, 338 S.W.2d 802, 805 (Mo.1960); *State v. Herman*, 280 S.W.2d 44, 46 (Mo.1955); *State v. Keever*, 569 S.W.2d 400, 402 (Mo.App. 1978).

It is well–settled under § 556.170, RSMo 1969, that one who knowingly and intentionally aids or encourages the commission of an offense is guilty *of that offense*. *State v. Garton*, 371 S.W.2d 283, 289 (Mo. 1963); *State v. Johnson*, 347 S.W.2d 220, 222 (Mo.1961); *State v. Present*, 344 S.W.2d 9, 11–12 (Mo.1961); *State v. Butler*, 310 S.W.2d 952, 957 (Mo.1958); *State v. Herman*, 280 S.W.2d 44, 46 (Mo.1955); *State v. Sheard*, 276 S.W.2d 191, 194 (Mo.1955); *State v. Lemon*, 504 S.W.2d 676, 682 (Mo. App.1975). MAI–CR 2.14, promulgated under § 559.170, RSMo 1969, submits the criminal responsibility of one who aids or encourages the commission of an offense in the following language: "that the defendant knowingly and intentionally aided or encouraged the person who engaged in the conduct submitted in the above paragraphs". The Notes on Use under MAI–CR 2.14 direct that the verdict directing instructions be modified, where appropriate, to ascribe the conduct to the person the defendant aided. In this case, MAI–CR 15.02 as modified by MAI–CR 2.14 should have ascribed to Roy Welch not only the criminal act, with which he was charged but also the mental state with which the act was committed. *See State v. Grebe*, 461 S.W.2d 265, 267 (Mo. banc 1970); *State v. Hathorn*, 571 S.W.2d 805, 806 (Mo.App. 1978); *State v. Amrine*, 548 S.W.2d 244, 245 (Mo.App.1977); *State v. Poor*, 533 S.W.2d 245, 248 (Mo.App.1976); *State v. Lemon*, 504 S.W.2d 676, 682 (Mo.App.1975).

█ The capital murder verdict directing instruction which was given (Instruction No. 7) ascribed the act to Roy Welch and then ascribed the mental state with which the act was committed to the appellant. The mental state with which the principal, Roy Welch, acted was not submitted for the jury's determination. Under the law as it existed at the time of the alleged commission of this offense, one who aids another in the commission of a crime cannot be guilty of a greater crime than that which the jury finds under the instruction that the actor had the intent to commit. *State v. Carey*, 313 Mo. 436, 282 S.W. 22, 24 (1926); *State v. Hayes*, 262 S.W. 1034, 1037 (Mo.1924); *State v. Hayes*, 105 Mo. 76, 16 S.W. 514, 516 (1891), *overruled on another ground*, *State v. Barton*, 142 Mo. 450, 44 S.W. 239, 240 (1898). Instruction No. 7 authorized the jury to find appellant guilty of capital murder if she aided Roy Welch, even though it did not find that Roy Welch in fact had the intent to commit capital murder. The instruction not only was a material deviation from MAI–CR 2.14 and the Notes on Use thereunder, but also was a misstatement of the basic factual elements that must be proven under appli-

provisions with the new criminal code, *see*, Comment, Accomplice Liability under the 1979 Missouri Criminal Code, 44 Mo.L.Rev. 233 (1979).

cable law to establish the guilt of one who aids or encourages another in the commission of capital murder. We hold this error to be prejudicial to appellant and for this reason the conviction must be reversed and the case remanded for a new trial.

While this holding makes it unnecessary that we reach or consider the other assignments of error, two may warrant brief comment in view of the necessity for retrial. Appellant assigns error for the court's failure to give MAI–CR 2.05 [2] as a lead–in to the verdict directing instructions which submitted the lesser included offenses. When given the MAI–CR 2.05 lead–in paragraph requires that the jury acquit the defendant of the more serious offense before it can consider the lesser included offenses. If MAI–CR 2.05 is omitted, it would seem that the jury is free to vote at random upon the submitted offenses, rather than being bound to dispose of them in the order of their severity. We find it difficult to perceive how bestowing such unbridled freedom upon the jury resulted in prejudice to this appellant.

Rule 28.02(a) requires that MAI–CR 2.05 be given when applicable, whether it is requested or not. The real issue is whether mandatory MAI–CR 2.05 should be retained for the purpose of requiring acquittal of the greater offense before the jury may consider the lesser offenses, a matter which might have been of substantial importance to appellant had she been convicted of either of the lesser included offenses and the case was being remanded for a new trial. Possible revisions to MAI–CR2d, are currently being considered,[3] but until such time as this Court sees fit to abandon the use of MAI–CR 2.05, it should be given as required by the rule.

Appellant also contends the trial court erred in permitting the testimony of Cole County Sheriff Wyman Basinger for the reason that he had custodial duties regarding the jury. Although the trial court addressed the bailiff as "sheriff", it is not clear from the record that Sheriff Basinger was in fact the person in charge of the jury. We do note that during voir dire the prosecutor did point out to the court that the sheriff was in the courtroom and that he was a potential witness. Without reaching or deciding the question in this case, we call attention to the rule adopted in *State v. Tyarks*, 433 S.W.2d 568, 569–70 (Mo.1968), that "as a general rule, it is reversible error to permit an officer, who testifies about matters which are more than merely formal aspects of the case, and whose testimony tends to prove the guilt of the defendant, to be in charge of the jury." On retrial, the court will be guided by the law pronounced therein.

The judgment is reversed and the cause remanded for a new trial.

All concur.

---

**2.** 2.05 Lesser Graded or Included Offenses

If you do not find the defendant guilty (under Count ____) of ____ (and do not find him guilty (under Count ____) of ____), you must consider whether he is guilty (under Count ____) of ____.

(As to Count ____, if) (If) you find and believe from the evidence beyond a reasonable doubt:

**3.** The Committee on Pattern Criminal Instructions submitted a minority report in which it was suggested that MAI CR2d 2.05 (identical to MAI–CR 2.05) be withdrawn.