Louis E. **FRECH**, et al., Appellants,

v.

**CITY OF COLUMBIA**, et al., Respondents.

No. 66453.

Supreme Court of Missouri, En Banc.

June 25, 1985.

Rehearing Denied Aug. 7, 1985.

William D. Powell, Columbia, for appellants.

Henry C. Stoltz, Jr., Columbia, for respondents.

BILLINGS, Judge.

Plaintiffs [1] sought declaratory and injunctive relief from the operation of Columbia's Rental Unit Conservation Law in the Circuit Court of Boone County. Following a bench trial, the court entered judgment in favor of the City of Columbia. Plaintiffs appealed to the court of appeals but we ordered the case transferred prior to opinion because of its general importance and interest. Mo. Const. art. V, § 10. We affirm.

The central question in this case is whether the City of Columbia's Rental Unit Conservation Law [2]—which authorizes the Municipal Judge of Boone County to issue search warrants for administrative searches conducted in connection with the City's licensing procedure concerning the operation of apartment houses and rooming houses—is violative of Mo. Const. art. VI, § 19(a).[3]

Columbia, a home rule charter city, enacted its Rental Unit Conservation Law to help insure compliance with other ordinances pertaining to zoning classifications and minimum building standards. Under Columbia, Mo., Rev. Ordinances, Ch. 11, art. I, § 11.060(c), "an applicant for a city license to operate an apartment house or rooming house ... must present a current certificate of compliance ... as a condition to obtaining said license." An applicant can obtain a certificate of compliance only after the Public Works Director or his designated representative has inspected the property and the inspection has uncovered no violations of the City's minimum building standards and zoning classification ordinances.

The entire thrust of plaintiffs' challenge to the Rental Unit Conservation Law is directed specifically at article VIII, section 11.1165, which in part provides that "when application is made pursuant to this Chapter for a Certificate of Compliance ... the Municipal Judge of the Boone County ... Circuit Court shall have authority to issue search warrants for searches or inspections of such house ... *to determine the existence of violations of Chapter 19 and 20* ...."[4] (our emphasis)

Initially, we make three observations. First, the violation of a municipal ordinance is a proceeding that is civil, rather than criminal, in nature. *Kansas City v. Stricklin*, 428 S.W.2d 721 (Mo.1968).

1. The plaintiffs in this action include fifty-nine individuals and one corporation. All of the plaintiffs either own or rent residential rental property in Columbia.

2. Columbia's Rental Unit Conservation Law is the short title for those ordinances designed to regulate the inspection and licensing of residential rental property. Columbia, Mo., Rev. Ordinances, Ch. 11, art. VIII, § 11.1100 (1978).

3. Mo. Const. art. VI, § 19(a) provides:
   *Powers of charter cities, how limited.*
   Any city which adopts or has adopted a charter for its own government, shall have all powers which the general assembly of the state of Missouri has authority to confer upon any city, provided such powers are consistent with the constitution of this state and are not limited or denied either by the charter so adopted or by statute. Such a city shall, in addition to its home rule powers, have all powers conferred by law.

4. Columbia's charter specifically provides that the municipal court "may issue search warrants as authorized by law ..." Columbia, Home Rule Charter, art. XV, § 114.

Second, the jurisdiction of a municipal court is limited to hearing and determining violations of municipal ordinances. Section 479.020(1), RSMo 1978. *See also* Mo. Const. art. V, § 23. Third, Rule 37.04, contained in this Court's rules governing the practice and procedure in Missouri's municipal courts, states expressly and unambiguously that "if no procedure is specifically provided by rule, the [municipal] court shall proceed in any lawful manner consistent with any applicable law and not inconsistent with these Rules." In this connection, Rule 37.05 defines the term "law" to include "the constitutions, statutes, ordinances, judicial decisions and these Rules."

■ It is plaintiffs' position that the Rental Unit Conservation Law runs afoul of Mo. Const. art. VI, § 19(a) because Chapter 542, RSMo 1978—which governs the procedure applicable to the issuance of search warrants in criminal proceedings as provided by Rule 34.01 [5]—limits the authority to issue search warrants to appellate judges and to any judge of a court having original jurisdiction of criminal offenses. Section 542.266(2), RSMo 1978. Additionally, plaintiffs argue that § 542.271(1)–(5), RSMo Supp.1983, delineates with particularity the reasons for which a search warrant may issue; and that § 542.271(1)–(5), RSMo Supp.1983 does not provide for the issuance of an administrative search warrant. Therefore, plaintiffs reason that the City of Columbia has exercised a power limited by statute; and that the exercise of this power is inconsistent with this Court's constitutional authority to promulgate rules for Missouri's courts [6]—thereby directly violating Mo. Const. art. VI, § 19(a).

This analysis, despite its sophistication, is erroneous. Chapter 542, RSMo 1978 [as amended] [hereinafter Chapter 542] is intended to govern the issuance of search warrants within the context of criminal actions and investigations. It would be unreasonable to think that in enacting the various provisions of Chapter 542 the legislature intended to forever preclude the issuance of search warrants for a purpose other than to investigate or prosecute criminal offenses.[7]

In connection with this argument our only inquiry is to determine whether Columbia's Rental Unit Conservation Law is limited or denied by Chapter 542. The Rental Unit Conservation Law purports *only* to authorize the Boone County Municipal Judge to issue search warrants to inspect for violations of the city's zoning classification ordinances and minimum building standards. It does not authorize the Boone County Municipal Judge to issue search warrants for any of the reasons specified in § 542.271(1)–(5), RSMo Supp. 1983. We have carefully studied Chapter 542 and are unable to find any provision or language which is reasonably susceptible to the restrictive meaning plaintiffs would read into the statute.

We hold that Columbia's Rental Unit Conservation Law does not violate Mo. Const. art. VI, § 19(a) because Chapter 542 neither expressly nor implicitly prohibits a municipal judge from issuing an administrative search warrant for the purpose of determining whether local property owners are in compliance with validly enacted zoning classification ordinances and minimum building standards.

5. Missouri Rule of Criminal Procedure 34.01, Misdemeanors or Felonies—Searches and Seizures provides:
   The provisions of Chapter 542, RSMo, shall govern procedure in searches and seizures.

6. Mo. Const. art. V, § 5 provides that "the Supreme Court may establish rules relating to practice, procedure and pleading for all courts . . . ."
   In addition to arguing that Columbia's ordinance is inconsistent with Mo. Const. art. V, § 5, plaintiffs also contend that it is inconsistent with our constitutional authority to exercise superintending control over Missouri's courts and that it is limited by § 477.010, RSMo 1978 which authorizes this Court to direct the form of writs and process.
   We have examined these latter two arguments and find them to be without merit.

7. *See* § 280.090, RSMo Supp.1984. The legislature has authorized the Director of the Department of Agriculture to obtain a search warrant from a court of competent jurisdiction to insure compliance with the laws governing treated timber products.

Finally, plaintiffs contend that the Rental Unit Conservation Law violates Mo. Const. Art. VI, § 19(a) because it is inconsistent with this Court's constitutional authority to promulgate rules of practice and procedure for Missouri's courts. *See* Mo. Const. art. V, § 5. We have already observed that when a particular procedure is not specifically provided for by rule, a municipal court may proceed in any lawful manner consistent with any applicable constitutional provision, statute, judicial decision or ordinance. Rules 37.04–.05. The Rental Unit Conservation Law does not conflict with any of this Court's rules of civil or criminal procedure. And it neither impinges upon nor conflicts with our authority under Mo. Const. art. V, § 5 to promulgate rules of practice and procedure for Missouri's municipal courts. Accordingly, we hold that Columbia's Rental Unit Conservation Law does not violate Mo. Const. art. VI, § 19(a).

Judgment affirmed.

RENDLEN, C.J., HIGGINS, BLACKMAR, DONNELLY and WELLIVER, JJ., and SMITH, Special Judge, concur.

GUNN, J., not sitting.