CITY OF KANSAS CITY, Missouri,
Plaintiff–Respondent,

v.

Michael A. HARRIS,
Defendant–Appellant.

No. WD 41024.

Missouri Court of Appeals,
Western District.

June 27, 1989.

John Spencer, Legal Aid, Kansas City, for defendant-appellant.

Michael Dailey, Asst. City Pros., Kansas City, for plaintiff-respondent.

Before BERREY, P.J., and
MANFORD and NUGENT, JJ.

NUGENT, Judge.

Defendant Michael A. Harris appeals from his conviction of stealing, a violation of § 26.50, Revised Municipal Ordinances of Kansas City. Mr. Harris argues on appeal that the trial court erred in failing to sustain his motion for judgment of acquittal because no sufficient evidence supported a conviction for stealing or for aiding and abetting others in the act of stealing. The defendant also argues that the city ordinance does not provide for accomplice liability on a stealing charge and that the court should have *sua sponte* ordered a mistrial when it found him guilty before he had presented his evidence. We affirm.

On February 7, 1988, three young men stole Julie Criner's and Christina Martin's purses. The incident occurred as the victims left a movie at Crown Center. Ms. Criner could not positively identify the defendant as one of those three men. She could only state that all three of them came up behind the two women, grabbed their purses, and ran in three separate directions.

Ms. Martin identified the three perpetrators as three young men she had seen sitting on a bench before the movie: Derrick Pettit, Larry Davis and the defendant, Michael Harris. Ms. Martin testified that Mr. Pettit took Ms. Criner's purse and ran away with it. She tried to run from the thieves, but Larry Davis caught her, knocked her down and grabbed her purse. She did not see the defendant chasing her at the time Mr. Davis caught her, but she heard two sets of footsteps. After Mr. Davis got her purse, she heard one of them say, "Man, lets get out of here," before the three ran away.

Following Ms. Martin's testimony the city rested its case and the defendant moved for a judgment of acquittal. Counsel for each side presented arguments. The court responded by stating that it

found the defendant guilty. Defense counsel informed the court that Mr. Harris intended to testify. The judge then realized that he had incorrectly assumed that counsel were summing up the evidence instead of arguing a motion for acquittal. He allowed Mr. Harris to testify.

Mr. Harris denied knowing of any plan to steal the victim's purses. He testified that after the movie ended he, Mr. Pettit and Mr. Davis went window-shopping. He heard the other two whispering before they took the purses. When he saw the theft he turned and ran in the other direction. He later met Mr. Davis outside of Crown Center. They were together when a security guard arrested them. Following Mr. Harris' testimony the court found the defendant guilty.

■ In his first point on appeal the defendant alleges that the court erred in failing to sustain his motion for judgment of acquittal. He argues that the city showed only his presence at the scene of the crime, that the witness saw him in the presence of the thieves, that he had the opportunity to commit the crime and that he fled from the scene. He correctly cites *State v. Dudley*, 617 S.W.2d 637, 639 (Mo.App.1981), for the proposition that the above evidence alone will not sustain his conviction. The city must also show some evidence of the defendant's actual participation. *Id.*

Sufficient evidence exists, however, to show that the defendant participated in the thieves' efforts to steal the women's purses. Ms. Martin testified that she saw all three young men following them, crouching ominously. Although she did not see Mr. Harris at the time Mr. Davis pushed her, she heard two sets of footsteps chasing her. At that time the third thief, Mr. Pettit, was busy stealing Ms. Criner's purse.

Only circumstantial evidence establishes that Mr. Harris was one of the two men who chased her. The defendant correctly points out that the facts and circumstances upon which the city relies to establish guilt must be consistent with each other and with the hypothesis of guilt and they must exclude every reasonable hypothesis of innocence. *State v. Aziz*, 647 S.W.2d 586, 588 (Mo.App.1983). The hypothesis that Mr. Harris joined in the chase of Ms. Martin follows from these facts: she had seen the three young men together twice that evening; the last time she saw them was seconds before one of them stole her purse; at that time she saw them crouching behind her and her friend, following them; she heard two sets of footsteps chasing her; she recognized the young man that caught her as one of the three she had seen earlier; she recognized the second of those young men departing with her friend's purse. From those facts we may reasonably conclude that the second set of footsteps belonged to the third member of that trio, Mr. Harris. The evidence that the defendant chased one of the victims before one of his companions caught her suffices to establish that he actively participated in stealing her purse.

■ The defendant next argues that because the evidence showed that he did not actually take the purses the city could not punish him under the stealing ordinance. Section 26.50 of the Kansas City Municipal Ordinances defines stealing to mean "to appropriate by exercising dominion over property in a manner inconsistent with the rights of the owner, either by taking, obtaining, using, transferring, concealing or retaining possession of his property." The ordinance contains no provision establishing accomplice liability. Clearly, the defendant did not "exercise dominion over ..." the purse.

In *Kansas City v. Lane*, 391 S.W.2d 955, 958 (Mo.App.1965), this court held that one who assists another in violation of a city ordinance becomes liable not as an accomplice, but as a principal. The liability arises from active participation in the violation. *Id.* The defendant argues, however, that the reasoning behind the *Lane* opinion no longer applies. At that time the state maintained a distinction between principal and accessory liability only for felonies. The law treated all who participated in misdemeanors as principals. The *Lane* court found fitting an analogy between misdemeanors and municipal violations and, accordingly, treated the defendant as

a principal for his part in a municipal violation. *Id.*

Missouri statutes no longer distinguish between felonies and misdemeanors for purposes of establishing accessory liability. Section 562.041 [1] provides:

1. A person is criminally responsible for the conduct of another when

(1) The statute defining the offense makes him so responsible; or

(2) Either before or during the commission of an offense with the purpose of promoting the commission of an offense, he aids or agrees to aid or attempts to aid such other person in planning, committing or attempting to commit the offense.

Section 556.026 provides: "No conduct constitutes an offense unless made so by this code or by other applicable statute." From those sections the defendant draws the argument that criminal liability for the conduct of another can only accrue when that conduct amounts to an offense as defined by § 556.026 and that only the state legislature has the power to establish an offense. He urges strict adherence to the legislature's use of the term "offense." Because municipalities may not establish offenses, he argues that the Missouri statutes provide no basis for holding an accessory liable for the acts of another person.

We must consider the defendant's argument, however, in light of the principle of Missouri law that holds that violation of a municipal ordinance does not amount to a crime. *See Frech v. City of Columbia*, 693 S.W.2d 813, 814 (Mo.1985) (en banc); *City of Ava v. Yost*, 375 S.W.2d 884, 886 (Mo. App.1964). Therefore, punishing Mr. Harris for his active participation in the violation of the Kansas City stealing ordinance does not hold him "criminally responsible for the conduct of another...." Section 562.041 does not, therefore, prohibit the result the court reached in *Kansas City v. Lane, supra*. We find no reason to question the continuing vitality of the holding in that opinion. No fundamental unfairness arises from holding one accountable as a principal for his active participation in the

violation of a municipal ordinance. The trial court did not err in finding the defendant guilty in this case.

■ Finally, the defendant argues that the trial court exhibited its prejudice against him when the court prematurely announced its finding of guilt. At the close of the city's evidence the defendant presented a motion for a judgment of acquittal. The court heard counsel's arguments under the mistaken assumption that the defendant would present no evidence. Following those arguments the court found Mr. Harris guilty. When counsel informed the court that the defendant intended to testify, he proceeded to hear the defendant's evidence.

We find no prejudice from those events. In fact, the defendant's testimony, when read in the light most favorable to the judgment, *see State v. Puckett*, 611 S.W.2d 242, 244 (Mo.App.1980), provides more evidence against him. He admitted in court that he reunited with one of the bandits after he left Crown Center. That evidence tends to prove his guilt. *See State v. Summers*, 660 S.W.2d 772, 773 (Mo.App.1983) (the circumstances of presence, companionship, and conduct before and after an offense support the inference of participation in a crime). Any error in the court's premature announcement amounted to harmless error.

Accordingly, we affirm the trial court's judgment.

All concur.

---

1. Unless otherwise noted, all sectional references are to Revised Statutes of Missouri, 1986.