Thomas L. Hoeh Perry County Prosecuting Attorney 17 East St. Joseph Street Post Office Box 570 Perryville, Missouri 63775
Dear Mr. Hoeh:
This opinion is in response to your question asking:
 Is the county sheriff entitled to a $4.00 fee on every traffic summons issued and prosecuted within his county on which the defendant is tried or to which the defendant pleads guilty?
Along with your question, you state:
 I wish to know if the Sheriff is entitled to the statutorily set fee on traffic tickets prosecuted in Perry County, including such tickets issued by other law enforcement agencies . . . .
Your question is based on a provision in Section 57.290.1, RSMo Supp. 1991, which states:
 . . . sheriffs, county marshals or other officers shall be allowed fees for their services in criminal cases and for all proceedings for contempt or attachment as follows:
* * *
 For every trial in a criminal case or confession . . . . 4.00. [Emphasis added.]
* * *
Legislative intent should be ascertained from the language used, considering words in their plain and ordinary meaning.Wolff Shoe Company v. Director of Revenue, 762 S.W.2d 29, 31
(Mo. banc 1988).
Section 556.016, RSMo 1986, defines the word "crime."
 556.016. Classes of crimes. — 1. An offense defined by this code [criminal code] or by any other statute of this state, for which a sentence of death or imprisonment is authorized, constitutes a "crime". Crimes are classified as felonies and misdemeanors.
 2. A crime is a "felony" if it is so designated or if persons convicted thereof may be sentenced to death or imprisonment for a term which is in excess of one year.
 3. A crime is a "misdemeanor" if it is so designated or if persons convicted thereof may be sentenced to imprisonment for a term of which the maximum is one year or less.
Section 556.021, RSMo 1986, defines the term "infraction".
 556.021. Infractions. — 1. An offense defined by this code [criminal code] or by any other statute of this state constitutes an "infraction" if it is so designated or if no other sentence than a fine, or fine and forfeiture or other civil penalty is authorized upon conviction.
 2. An infraction does not constitute a crime and conviction of an infraction shall not give rise to any disability or legal disadvantage based on conviction of a crime.
Without discussing each type of traffic violation, we note that numerous statutes specifically designate the violation of traffic provisions as a misdemeanor. See, e.g., Sections304.009, 304.010, 304.013 and 304.035, RSMo Supp. 1991; and Sections 304.040, 304.044, 304.070, 304.075, 304.110, 304.140,304.240, and 304.361, RSMo 1986. In addition, the violation of certain traffic provisions, though not designated as a misdemeanor, is subject to a penalty as described in Section556.016.3, RSMo 1986, and, therefore, would be considered a misdemeanor. See, e.g., Sections 304.026 and 304.570, RSMo 1986.
We note, however, that violation of municipal traffic ordinances is not considered a criminal offense. Missouri courts have long held "that an action for the violation of a city or town ordinance is to be regarded as a civil action for the recovery of a penalty, and that it is not a prosecution for crime." City of Ferguson v. Nelson, 438 S.W.2d 249, 255 (Mo. 1969). See also Frech v. City of Columbia, 693 S.W.2d 813,814 (Mo. banc 1985).
Our office has addressed questions similar to yours in prior opinions. See, Opinion Letter No. 76, Miller, March 14, 1980; Opinion No. 35, Grossenheider, April 21, 1955; Opinion No. 24, Downs, February 18, 1952; Opinion No. 99, Wright, January 3, 1951; and Opinion No. 39, Herren, August 13, 1947. A copy of each opinion is enclosed. As stated in Opinion Letter No. 76, Miller, March 14, 1980:
 [I]t has been the view of this office that a plea of guilty is the same as a "confession" so that if the sheriff is officially present in court at the time the defendant enters a plea of guilty, the $2.00 [now $4.00] fee would be chargeable. It is also clear from these opinions that if the sheriff is not present in court, such a fee cannot be charged.
 Further, it is our view that the fee should be charged for a written plea of guilty, pursuant to a uniform traffic ticket signed by the prosecutor, which is taken by the court when the sheriff is officially present. This fee is collected on behalf of the county. § 57.410, RSMo.
Therefore, the $4.00 fee is to be assessed in cases involving traffic violations if the violation is a crime as defined in Section 556.016, RSMo 1986, and if the sheriff is officially present in court.[1]
 CONCLUSION
It is the opinion of this office that the $4.00 fee provided in Section 57.290.1, RSMo Supp. 1991, "[f]or every trial in a criminal case or confession" is to be assessed in cases involving traffic violations if the violation is a crime as defined in Section 556.016, RSMo 1986, and if the sheriff is officially present in court.
Very truly yours,
 WILLIAM L. WEBSTER Attorney General
Enclosure: Opinion Letter No. 76, Miller, March 14, 1980 Opinion No. 35, Grossenheider, April 21, 1955 Opinion No. 24, Downs, February 18, 1952 Opinion No. 99, Wright, January 3, 1951 Opinion No. 39, Herren, August 13, 1947
[1] We presume your question relates to Perry County, a third class county. Section 57.410, RSMo 1986, provides:
 57.410. Sheriff to collect fees for county (third and fourth class counties). — In third and fourth class counties the sheriff shall charge and collect for and on behalf of the county every fee accruing to his office which arises out of his duties in connection with the investigation, arrest, prosecution, care, commitment and transportation of persons accused of or convicted of a criminal offense, except such criminal fees as are chargeable to the county.
Therefore, the fee assessed pursuant to Section 57.290.1, RSMo Supp. 1991, is collected on behalf of the county.