NOT DESIGNATED FOR PUBLICATION

No. 121,517

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee,*

v.

COLLAN LEIGH CROSS,
*Appellant.*

MEMORANDUM OPINION

Appeal from Wyandotte District Court; WESLEY K. GRIFFIN, judge. Opinion filed August 28, 2020. Sentence vacated and case remanded with directions.

*Kai Tate Mann*, of Kansas Appellate Defender Office, for appellant.

*Taylor A. Hines*, assistant district attorney, *Mark A. Dupree Sr.*, district attorney and *Derek Schmidt*, attorney general, for appellee.

Before HILL, P.J., MALONE, J., and WALKER, S.J.

PER CURIAM: Collan Leigh Cross appeals his sentence following his convictions of second-degree murder, aggravated assault on a law enforcement officer, and felony fleeing to elude. At sentencing, the district court scored three Kansas City, Missouri municipal ordinance violations as person misdemeanors and converted them to one person felony. Cross claims the district court erred by scoring his prior Missouri municipal ordinance violations as person misdemeanors. We agree with Cross' claim, so we vacate his sentence and remand for resentencing.

1

We will briefly review the relevant facts. On March 22, 2019, Cross pled guilty to second-degree murder, aggravated assault on a law enforcement officer, and felony fleeing to elude in exchange for dismissal of other charges. Cross committed his crimes on September 20, 2018. At the plea hearing, both parties believed Cross would have a criminal history score of H. But the presentence investigation report stated Cross had a criminal history score of D based in part on the conversion of three Kansas City, Missouri municipal ordinance violations—two for assault and one for violating a protection order—to a person felony.

On June 13, 2019, the district court held a sentencing hearing. Cross objected to his criminal history score, arguing that his municipal ordinance violations could not be considered out-of-state convictions and, thus, should not be counted in his criminal history score. The State argued that the ordinance violations should be considered person misdemeanors. The district court agreed with the State. Finding Cross' criminal history score to be D, the district court sentenced him to 214 months' imprisonment with 36 months' postrelease supervision. Cross timely appealed his sentence.

On appeal, Cross claims the district court erred in scoring his prior Missouri municipal ordinance violations as person misdemeanors for two reasons. First, Cross argues that his Missouri municipal ordinance violations cannot be scored as person misdemeanors because they are not considered "out-of-state convictions." Second, Cross argues that even if they fit the definition of out-of-state convictions, they are not "crimes" that can be scored in an offender's criminal history under the plain language of K.S.A. 2018 Supp. 21-6811(e)(2). The State responds by asserting that the district court properly scored Cross' prior Missouri municipal ordinance convictions as person misdemeanors.

The appellate court can review a claim that the sentencing court erred in classifying a prior conviction on appeal from a judgment of conviction. K.S.A. 2018 Supp. 21-6820(e)(3). Classification of prior convictions for criminal history purposes

involves interpretation of the revised Kansas Sentencing Guidelines Act (KSGA), K.S.A. 2018 Supp. 21-6801 et seq. *State v. Wetrich*, 307 Kan. 552, 412 P.3d 984 (2018). Statutory interpretation is a question of law subject to unlimited review. 307 Kan. 555.

The fundamental rules of statutory interpretation are well known:

"When interpreting a statute, an appellate court begins with the fundamental rule that the court gives effect to the legislative intent as expressed in the statute. The court must apply the statute's plain language when it is clear and unambiguous, instead of determining what the law should be, speculating on the legislative intent, or consulting the legislative history. The court must derive the legislative intent by first applying the meaning of the statute's text to decide its effect in a specific situation. It is only when the statutory language is unclear or ambiguous that the court uses the canons of statutory construction, reviews the statute's legislative history, or considers other background information to ascertain the statute's meaning. [Citation omitted.]" *State v. Smith*, 309 Kan. 929, 932-33, 441 P.3d 472 (2019).

*Cross' Missouri municipal ordinance violations are considered "out-of-state convictions."*

Cross committed his crimes in September 2018, so the law in effect at that time controls his sentence. Under the KSGA, a defendant's sentence depends on the crime of conviction and the defendant's criminal history score. K.S.A. 2018 Supp. 21-6804(d). The KSGA counts "[o]ut-of-state convictions" in a defendant's criminal history score. K.S.A. 2018 Supp. 21-6811(e)(1). "Out-of-state convictions" are "[c]onvictions or adjudications occurring within the federal system, other state systems, the District of Columbia, foreign, tribal or military courts." K.S.A. 2018 Supp. 21-6811(e)(4).

Cross argues that by its plain language, K.S.A. 2018 Supp. 21-6811(e)(4) omits non-Kansas municipal court systems from the types of jurisdictions that produce "out-of-state convictions." He argues his Missouri municipal ordinance violations are not

convictions from "other state systems" because he was not convicted in a Missouri state court, but instead he was convicted in a municipal court in Missouri. He also argues this court should not interpret the word "foreign" in K.S.A. 2018 Supp. 21-6811(e)(4) to include his Missouri municipal ordinance violations.

The State turns to K.S.A. 2018 Supp. 21-6810 and argues that this statute requires the district court to consider and score municipal ordinance violations. The State also argues that the municipal ordinance violations should be considered "out-of-state convictions" because a judgment of guilt was entered against Cross by a Missouri court.

Cross' argument that out-of-state municipal ordinance violations are not "out-of-state convictions" fails for three reasons. First, the KSGA explicitly states that municipal ordinance violations are to be considered in determining a defendant's criminal history. It states criminal history includes prior "convictions and adjudications for violations of municipal ordinances . . . which are comparable to any crime classified under the state law of Kansas as a person misdemeanor." K.S.A. 2018 Supp. 21-6810(a). It also states that "all municipal ordinance and county resolution violations comparable to such misdemeanors, shall be considered and scored." K.S.A. 2018 Supp. 21-6810(d)(6).

Second, Cross' argument that municipal courts are not covered by the definition of "out-of-state convictions" in K.S.A. 2018 Supp. 21-6811(e)(4) is too narrow and contrary to the plain language of the statute. Cross' argument is essentially that K.S.A. 2018 Supp. 21-6811(e)(4) only refers to convictions from "other state courts." But the statute refers to "other state systems." The word "system" implies a structure or organization of multiple courts not just a single court. Further, based on the types of convictions the KSGA considers, including municipal ordinance violations and juvenile adjudications, "state systems" must broadly refer to all courts in other states that issue the convictions and adjudications scored by the KSGA. Thus, Cross' municipal ordinance violations are "out-of-state convictions" because they are convictions from "other state systems."

4

Finally, even if the statute only referred to "state courts," Cross' argument that the Kansas City municipal court is somehow separate from the "Missouri state system" is not supported by law. Mo. Rev. Stat. § 479.010 (2007) states: "Violations of municipal ordinances shall be heard and determined only before divisions of the circuit court." Thus, by law, the municipal court is a division of the Missouri circuit court.

In sum, out-of-state municipal ordinance violations are considered "out-of-state convictions" because the KSGA explicitly counts such convictions and municipal courts are covered by the phrase "other state systems" in K.S.A. 2018 Supp. 21-6811(e)(4).

*Cross' Missouri municipal ordinance violations are not considered crimes.*

When an out-of-state conviction is used in classifying an offender's criminal history under the KSGA, the out-of-state "crime" is classified as either a felony or misdemeanor according to the convicting jurisdiction and it is classified as either a person or nonperson crime by the state of Kansas. K.S.A. 2018 Supp. 21-6811(e). In classifying the crime as either a felony or a misdemeanor, the KSGA states:

> "(2) An out-of-state *crime* will be classified as either a felony or a misdemeanor according to the convicting jurisdiction.
> (A) If a *crime* is a felony in the convicting jurisdiction, it will be counted as a felony in Kansas.
> (B) If a *crime* is a misdemeanor in the convicting jurisdiction, the state of Kansas shall refer to the comparable offense under the Kansas criminal code in effect on the date the current crime of conviction was committed to classify the out-of-state crime as a class A, B or C misdemeanor. If the comparable offense in the state of Kansas is a felony, the out-of-state crime shall be classified as a class A misdemeanor. If the state of Kansas does not have a comparable offense in effect on the date the current crime of conviction was committed, the out-of-state crime shall not be used in classifying the offender's criminal history.

5

(C) If a *crime* is not classified as either a felony or a misdemeanor in the convicting jurisdiction, the state of Kansas shall refer to the comparable offense under the Kansas criminal code in effect on the date the current crime of conviction was committed to classify the out-of-state crime as either a felony or a misdemeanor. If the state of Kansas does not have a comparable offense in effect on the date the current crime of conviction was committed, the out-of-state crime shall not be used in classifying the offender's criminal history." (Emphases added.) K.S.A. 2018 Supp. 21-6811(e)(2).

Cross argues that his Missouri municipal ordinance violations are not "crimes" and, thus, they cannot be scored in an offender's criminal history under the plain language of K.S.A. 2018 Supp. 21-6811(e)(2). He cites various Missouri cases to support his assertion that Missouri ordinance violations are only quasi-criminal and not considered crimes under Missouri law. Cross also cites the Kansas Supreme Court's recent decision in *Smith* and argues that our Supreme Court agrees that Missouri municipal ordinance violation are not "crimes" that can be used to determine an offender's criminal history.

The State argues that the district court properly scored the municipal violations as person misdemeanors because, although Missouri did not classify them as either a felony or misdemeanor, under K.S.A. 2018 Supp. 21-6811(e)(2)(C) they were comparable to the Kansas person crimes of battery and violation of a protection order. The State also argues the factual basis for Cross' violations is consistent with criminal behavior.

Cross is correct that his Missouri municipal ordinance violations are not crimes. Missouri law holds city ordinance violations are not crimes and are only quasi-criminal. See *City of Kansas City v. McGary*, 218 S.W.3d 449, 452 (Mo. Ct. App. 2006); *City of Kansas City v. Harris*, 772 S.W.2d 898, 900 (Mo. Ct. App. 1989) (citing *Frech v. City of Columbia*, 693 S.W.2d 813, 814 [Mo.1985]). Also, under the Kansas City, Missouri Municipal Code, the violations Cross committed are not scored as either felonies or misdemeanors, although some Kansas City, Missouri municipal violations are classified as such. Compare Kansas City, Missouri Municipal Code Sections 50-47 (violation of a

6

protection order) and 50-169 (inflicting bodily injury) with Section 14-60(c)(2) (second violation of failing to spay or neuter a pit bull, which is a misdemeanor).

In *Smith*, the Kansas Supreme Court considered whether an out-of-state municipal ordinance violation can be used in determining an offender's criminal history when the convicting jurisdiction fails to classify the offense as either a misdemeanor or a felony. Smith argued that his Lake Lotawana, Missouri ordinance violation for endangering the welfare of a child was not a criminal conviction because Missouri considers municipal ordinance violations only quasi-criminal in nature. The Court of Appeals found that the district court erred in counting Smith's Missouri ordinance violation as a person misdemeanor "'[b]ecause the KSGA is silent on how to classify an out-of-state ordinance violation when the convicting jurisdiction does not consider an ordinance violation to be a crime.'" 309 Kan. at 938 (quoting the panel's reasoning).

On review, our Supreme Court analyzed the language in K.S.A. 2015 Supp. 21-6811(e)(2) and discussed conflicting interpretations of the language in Court of Appeals decisions. Our Supreme Court recognized that the Legislature had recently amended the statute to include K.S.A. 2018 Supp. 21-6811(e)(2)(C), addressing when a crime is not classified as either a felony or a misdemeanor in the convicting jurisdiction, but found that the amendment did not apply to Smith's case. 309 Kan. at 938-39. Our Supreme Court found that under K.S.A. 2015 Supp. 21-6811(e)(2), "the statute's plain language precludes the district court's designation of this offense as a misdemeanor because Smith's ordinance violation is neither a felony nor a misdemeanor 'according to the convicting jurisdiction.'" 309 Kan. at 939. The court then concluded:

> "*In Smith's case, the ordinance violation is not a crime under Missouri state law*. And even if it were, the Lake Lotawana Municipal Code, which is the applicable jurisdiction, cannot serve as authority for such an upgrading because it specifically lists some other

7

offenses as misdemeanors—but not this one, i.e., endangering a child's welfare."
(Emphasis added.) 309 Kan. at 939.

Thus, our Supreme Court found that Smith's Missouri municipal ordinance violation could not be included in his criminal history because an ordinance violation is not a crime under Missouri state law. 309 Kan. at 939. The court also found that the Lake Lotawana Municipal Code does not designate endangering a child's welfare as either a felony or a misdemeanor, while it uses those designations for other violations, and there was no applicable Kansas statute in Smith's case discussing how to classify a crime that is not a felony or a misdemeanor in the convicting jurisdiction. 309 Kan. at 939.

Unlike in *Smith*, the amendment adding K.S.A. 2018 Supp. 21-6811(e)(2)(C), addressing when a crime is not classified as either a felony or a misdemeanor in the convicting jurisdiction, does apply to Cross' case. But the recent statutory amendment does not change the outcome of this case. K.S.A. 2018 Supp. 21-6811(e)(2)(C) applies "[i]f a *crime* is not classified as either a felony or a misdemeanor in the convicting jurisdiction." (Emphasis added.) Under our Supreme Court's analysis in *Smith*, even if the language at K.S.A. 2018 Supp. 21-6811(e)(2)(C) was applied, Cross' Missouri municipal ordinance violations still would not be considered in determining his criminal history score because an "ordinance violation is not a crime under Missouri law." 309 Kan. at 939. Stated differently, if Cross' municipal ordinance violations were from any other state except Missouri, then we might apply K.S.A. 2018 Supp. 21-6811(e)(2)(C) to determine whether the violations should be scored as either a felony or a misdemeanor. But because Cross' municipal ordinance violations are from Missouri, and municipal ordinance violations are not crimes under Missouri state law, they cannot be used to determine his criminal history score in Kansas.

The Kansas Court of Appeals is duty-bound to follow Kansas Supreme Court precedent unless there is some indication that our Supreme Court is departing from its

previous position. *State v. Rodriguez*, 305 Kan. 1139, 1144, 390 P.3d 903 (2017). This precept means that we must also follow the analysis used by our Supreme Court in reaching its decisions. We conclude that our Supreme Court's analysis in *Smith* controls the outcome of this case. Because Cross' Missouri municipal ordinance violations are not considered crimes, they cannot be used to determine his criminal history score in Kansas. Thus, we vacate Cross' sentence and remand to the district court with directions not to include Cross' Missouri municipal ordinance violations to determine his criminal history.

Sentence vacated and case remanded with directions.